JOHN McNEIL vs. MATTHEW COLLINSON.
SAMUEL L. MESERVE vs. SAME.
ELIZA J. RICE vs. SAME.

Essex.   Nov. 5, 1880. — Jan. 15, 1881.   AMES & ENDICOTT, JJ., absent.

A person may be liable to the several penalties prescribed by the St. of 1875, c. 99, § 15, for selling intoxicating liquor to a minor, giving such liquor to him, and allowing him to loiter upon his premises on the same occasion.

The action given by the St. of 1875, c. 99, § 15, to the "parent" of a minor to whom intoxicating liquor has been sold, may be maintained by the mother of the minor, without proof that he has no father.

THREE ACTIONS OF TORT to recover the penalties prescribed by the St. of 1875, c. 99, § 15.   The declaration in each case contained three counts, one for selling intoxicating liquor to a minor son of the plaintiff, one for giving intoxicating liquor to the same person, and one for allowing the same person to loiter upon premises where such liquor was sold.   Answer, a general denial.

After the former decision, reported 128 Mass. 313, the cases were tried together in the Superior Court, without a jury, before *Gardner*, J., who allowed a bill of exceptions in substance as follows:

The evidence tended to prove, and the judge found as facts, that Alfred J. McNeil, a minor son of the plaintiff McNeil, Samuel L. Meserve, Jr., a minor son of the plaintiff Meserve, and Hanley C. Rice, a minor son of the plaintiff Rice, on Sunday, March 24, 1878, went, in company with other young men, to a place in Lynn occupied by the defendant, who was then present; that McNeil first called for lager beer, and the defendant furnished it to the whole party, for which McNeil paid him; that they remained standing around in the bar-room and in a room adjoining about two hours, during part of which time they shook dice among themselves, the defendant joining, for drinks, and each of them lost, and each of the sons of the several plaintiffs bought and paid for ale or lager beer for the whole party; and that, upon one occasion, the defendant was beaten in shaking dice, and thereupon furnished ale or lager beer to the whole party, including the sons of the several plaintiffs, without taking

payment from anybody, and the beer was drunk upon the prem-
ises by them.

Upon these facts, the defendant contended that neither of the
plaintiffs could recover more than a single penalty. But the
judge held otherwise, and ruled that each of the plaintiffs was
entitled to recover upon each count of his or her declaration.

In the third case, it appeared that the plaintiff was the mother
of Hanley C. Rice; but it did not appear that he did not have
a father, nor why, if there was such father, the action was not
brought by him.

The defendant contended that, in the absence of evidence that
the boy had no father, and of evidence showing why such father
did not or should not bring such suit, she could not maintain
this action. But the judge ruled otherwise; and found for the
plaintiff in each case for $300. The defendant alleged excep-
tions.

*S. B. Ives, Jr.*, for the defendant.

*C. Lamson*, for the plaintiffs.

LORD, J. A single question of law, which is common to all
these cases, is presented by this bill of exceptions. There is
another question applicable to but one of them.

The question which is common to all is this: The St. of 1875,
*c.* 99, forbids any person to sell or to give intoxicating liquor
to any minor, or to allow a minor to loiter upon the premises
where such sales are made, under a penalty prescribed by the
statute; and the precise question of law presented is, Can the
same party be liable for the several penalties, for selling, giving,
and permitting to loiter on the same day?

This must depend upon the facts proved. He is liable for
selling to a minor; if the sale is proved, that liability is fixed.
If, upon an independent occasion, he gives to a minor, his liabil-
ity for that offence is fixed; and the fact that he has done
another and different wrong, although committed about the same
time, cannot relieve him from liability for this wrong. The
same remark is applicable to the acts which render him liable to
still another penalty. It would be an extraordinary weakness
of the law if a party could plead one violation of the law as an
exemption from liability for other and different violations. It
will be observed that more than one penalty cannot be recovered

by reason of the commission of a single act, but each particular penalty is to be recovered only upon proof of the commission of a separate and distinct act or series of acts differing from each other and independent of each other. It was, therefore, purely a question of fact for the presiding judge, whether the defendant had committed the act charged in each count so as to render him liable for the penalty prescribed.

The other question, which relates only to the third case, arises from the refusal of the presiding judge to give the instruction asked for by the defendant. The plaintiff is the mother of the minor. The statute authorizes the suit to be brought by the " parent or guardian." The instruction asked for was, " that, in the absence of evidence that the boy had no father, and of evidence showing why such father did not or should not bring such suit, she could not maintain this action." We think it was not error to refuse this instruction. The plaintiff proved herself to sustain such a relation to the minor as the law required her to prove, in order to entitle her to recover. The action is given to the parent, not to the father. The court cannot know judicially that there is a father, or even that there ever was a legitimate father, and *prima facie*, at least, the party who proves such a relation to exist as authorizes the action is entitled to maintain it, until something appears which tends to defeat the right. It does not appear in this case that the plaintiff is, or ever was, under coverture. If the fact that there is a father living would defeat the action, — and upon this question we give no opinion, — we are clearly of opinion that such fact is not to be presumed to exist without proof.     *Exceptions overruled.*