## MARY E. KENNEDY *vs.* WILLIAM SAUNDERS.

Norfolk. March 29. — May 8, 1886. W. ALLEN & HOLMES, JJ., absent.

A notice in writing, signed by the wife of a person having the habit of drinking intoxicating liquors to excess, to a seller of such liquors, as follows, "My husband has been in the habit of getting liquor here and coming home drunk, . . . . I don't want you to give him any more drink," is a sufficient compliance with the Pub. Sts. c. 100, § 25.

In an action, under the Pub. Sts. c. 100, § 25, upon a declaration containing four counts, two of which allege the sale or delivery, at different times, of intoxicating liquors to a person having the habit of drinking such liquors to excess, within twelve months after having been notified not to make such sale or delivery, and the other two counts of which allege the permitting a loitering of such person upon the premises where the liquors are kept, at different times within said twelve months, the plaintiff may recover separate damages under each count.

TORT, under the Pub. Sts. c. 100, in five counts.

The first count alleged that the plaintiff was the wife of William J. Kennedy; that said William J. had the habit of drinking spirituous or intoxicating liquors to excess; that in September, 1884, the plaintiff gave notice in writing, signed by her, to the defendant, requesting him not to sell or deliver such liquor to said William J.; and that the defendant did sell or deliver such liquor to said William J. after the giving and receipt of said notice, and between the date of the receipt thereof and May 1, 1885, and within twelve months after the giving and receipt of such notice.

The second count was similar to the first, except that the date of the sale or delivery was alleged to be between May 1, and August 16, 1885.

The third count contained the same allegations as those in the first count; and alleged further, that, between the date of the giving of said notice and May 1, 1885, and within twelve months after the giving of such notice, the defendant permitted said William J. to loiter on the premises used by the defendant for the sale of said liquors.

The fourth count was similar to the third, except that the date of permitting said loitering was alleged to be between May 1 and August 16, 1885.

The fifth count alleged that, on August 15, 1885, said William J. became intoxicated from drinking spirituous or intoxicating

liquors sold or delivered to him by the defendant; and that, in consequence of said intoxication, the plaintiff was injured in person, property, and means of support.

Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows:

The defendant, during the time set forth in the declaration, held a license of the first class, to sell intoxicating liquors to be drunk on the premises, and also a common victualler's license.

The plaintiff testified that, some time in September, 1884, she gave the defendant a written notice signed by her, of which she retained no copy, the contents of which, as nearly as she could remember, (though she did not pretend to state precisely the language used,) were substantially as follows: " Dear Sir, — My husband has been in the habit of getting liquor here and coming home drunk. Now if you care anything for a wife and three children, I don't want you to give him any more drink; and if you do, I shall take means to protect myself." She also testified that the defendant read the notice, and said, " All right; I won't give him any.". The plaintiff's husband also testified that, shortly after, the defendant told him that his wife had given him written notice not to sell him, the husband, any liquor, but that nevertheless he continued so to do.

No evidence was offered of the giving of any other written notice; and the evidence was conflicting whether any such notice was ever given by the plaintiff to the defendant.

The defendant asked the judge to instruct the jury as follows: " 1. The written notice claimed to have been given by the plaintiff to the defendant was not a sufficient compliance with the provisions of the Pub. Sts. c. 100, § 25, and for that reason she cannot recover under the first four counts of her declaration. 2. The plaintiff is not entitled to recover two separate sums of money for loitering within the time set forth in her declaration ; nor two separate sums for sales or deliveries within the time set forth therein."

The judge refused to give these instructions; and, upon the second point, instructed the jury that, if the evidence warranted it, they might find for the plaintiff, and assess damages for one sale within the time covered by each of the two counts respectively charging sales, and likewise for permitting loitering, on

other days than those of the sales, on one occasion within the time covered by each count charging this; but that the jury could only assess damages for a single occasion under each count.

The jury returned a verdict for the plaintiff, and assessed separate damages upon each count in her declaration. The defendant alleged exceptions.

*J. E. Cotter*, for the defendant.

*E. Greenhood*, for the plaintiff.

GARDNER, J. 1. The defendant contends that "the written notice claimed to have been given by the plaintiff to the defendant was not a sufficient compliance with the provisions of the Pub. Sts. *c.* 100, § 25." The defendant does not point out any defect in the notice claimed to have been given, nor any want of compliance therein with the requirements of the statute. The language of the statute is as follows: "The . . . . wife . . . . of a person who has or may hereafter have the habit of drinking spirituous or intoxicating liquor to excess may give notice in writing, signed by . . . . her, to any person, requesting him not to sell or deliver such liquor to the person having such habit."

It is not necessary that the notice should be in the language of the statute. It is sufficient, if it conveys to the person notified, in clear and unmistakable terms, the substance of the requirement of the statute. The plaintiff was to give notice to the defendant in writing, signed by her, requesting him not to sell or deliver spirituous or intoxicating liquor to her husband, having the habit of drinking such liquor to excess. The notice actually given did not contain the words spirituous or intoxicating liquor. It stated that her husband "had been in the habit of getting liquor here and coming home drunk," and requested the defendant not to give him any more drink. The meaning was clear, and the defendant must have understood it. We think that the notice given was a sufficient compliance with the provisions of the statute.

2. The defendant contends that, under the statute, "the plaintiff is not entitled to recover two separate sums of money for loitering within the time set forth in her declaration; nor two separate sums for sales or deliveries within the time set

forth therein ; " in other words, that the notice is exhausted by the recovery of one sum for loitering, or one sum for a sale or delivery of liquor; and that a new notice must be given before the plaintiff can again recover. The statute provides that, " if the person so notified, at any time within twelve months thereafter, sells or delivers any such liquor, . . . . or permits such person to loiter on his premises, the person giving the notice " may recover, &c. We do not think that the Legislature intended to limit the right of action as is contended by the defendant. The words " at any time within twelve months thereafter," as used in the statute, empower the one who has given the notice to recover of the person notified for each sale or delivery of intoxicating liquor to the person having such habit, and for each time such person is permitted to loiter, &c., during the twelve months after the notice has been given. This interpretation of the statute carries out the purpose of its enactment. The Superior Court rightly refused to rule as requested by the defendant, and the instructions given to the jury were correct.

*Exceptions overruled.*