SARAH TATE *vs.* MICHAEL J. DONOVAN.

Suffolk. November 12, 1886. — February 24, 1887.

A notice in writing, under the Pub. Sts. *c.* 100, § 25, signed by the wife of a person having the habit of drinking spirituous or intoxicating liquors to excess, to a seller of such liquors, need not state that he has such habit.

TORT, to recover the penalty provided by the Pub. Sts. *c.* 100, § 25, for selling intoxicating liquors to William Tate, the husband of the plaintiff.

At the trial in the Superior Court, before *Knowlton*, J., the evidence tended to show that the plaintiff's husband had the habit of using intoxicating liquors to excess, and was a frequent

visitor at the defendant's saloon, where he got intoxicating liquors, immediately prior to September 17, 1883 ; and that, on said September 17, the plaintiff, acting under advice from the police commissioners, served a notice in writing, signed by her, upon the defendant, as follows : " I hereby warn you not to harbor my husband, nor sell him any more liquor or beer after this date, or I will put you to trouble."

The judge ruled that the above notice did not give to the defendant information that the plaintiff's husband was in the habit of using intoxicating liquors to excess, and was not, in that respect, a sufficient compliance with the statute ; and directed a verdict for the defendant. The plaintiff alleged exceptions.

*J. T. Wilson*, for the plaintiff.

*N. B. Bryant*, for the defendant.

DEVENS, J. It is the contention of the defendant that the notice given under the Pub. Sts. *c.* 100, § 25, which is the foundation of the action of tort created by that section, was clearly insufficient, as it did not state 'that the plaintiff's husband was in the habit of using spirituous or intoxicating liquors to excess, as a reason for requesting the defendant thereafter not to sell him intoxicating liquors. In terms, the statute does not require this. It empowers " the husband, wife," or other persons described, to give a notice which makes such a request, whenever the fact exists that the person to whom it is requested that no sale shall be made is in the habit of using spirituous or intoxicating liquors to excess. The construction contended for would require the statute to be read as if the words " thereof," or " of such facts," or similar words, were inserted after the word " notice." Such a construction is not called for, especially in view of the object of the statute, and of the consideration that the persons by whom such notices are given must often be unlettered persons, unfamiliar with any niceties of legal expression. When the person receives the notice not to sell to an individual from one who, from his relation to the person named, has the right to give it, he is fairly put on his inquiry as to the habits of such individual. What the habits of the individual actually were at the time must be proved outside of the notice. If a statement were made of them in the notice, it would not aid the plaintiff in proving that the fact existed which authorized the notice. The

failure to make such a statement can work no injury to a seller, who must be presumed to be aware that the validity of the notice depends upon the habits of the person to whom he is notified not to sell. That, after a notice embodying a request not to sell from one having the right to give it, a seller should proceed, at the peril of the penal action provided by the statute, to sell or continue to sell to the individual named, is not unjust or unreasonable.

The section of the statute here considered has been twice before the court for construction; but in neither case did it become necessary to discuss the question involved in the case at bar. *George* v. *Gobey*, 128 Mass. 289. *Kennedy* v. *Saunders*, 142 Mass. 9.

For these reasons, it is the opinion of the majority of the court that the entry should be, . *Exceptions sustained.*