ISAAC N. TAYLOR, JR., *vs.* MATTHEW CARROLL.

Hampshire.  Sept. 20. — Oct. 19, 1887.  C. ALLEN & HOLMES, JJ.,
absent.

A notice in writing, signed by I. T., Jr., the son of a person having the habit of
drinking intoxicating liquors to excess, to a seller of such liquors, as follows:
" I forbid you selling or delivering liquor to I. T.," is a sufficient compliance
with the Pub. Sts. *c.* 100, § 25.

An adult son, although not dependent for support on his father, is a "child,"
within the meaning of the Pub. Sts. *c.* 100, § 25, and may maintain an action
against a person selling the father spirituous or intoxicating liquors, after a
notice in writing by the son, under the statute, forbidding him so to sell.

TORT, to recover the penalty provided by the Pub. Sts. *c.* 100,
§ 25,* for selling intoxicating liquors to Isaac N. Taylor, the
father of the plaintiff.

At the trial in the Superior Court, before *Knowlton*, J., with-
out a jury, the evidence tended to show that the father of the
plaintiff had the habit of drinking intoxicating liquors to excess;
and that on or about June 2, 1886, the plaintiff gave the defend-
ant a notice in writing, as follows: " I forbid you selling or de-
livering liquor to I. N. Taylor," and signed " I. N. Taylor, Jr."

It appeared in evidence that the plaintiff was more than
twenty-four years old; that since he was twenty-one years old
he had been able and competent to take care of and support
himself; that during that time he did support himself without
the aid or assistance of his father; and that his father did noth-
ing towards his support.

The judge found as a fact, that, at the time the defendant
received the written notice, he knew that the plaintiff's father,

---

* This section is as follows: " The husband, wife, parent, child, guar-
dian, or employer of a person who has or may hereafter have the habit of
drinking spirituous or intoxicating liquor to excess, may give notice in writ-
ing, signed by him or her, to any person, requesting him not to sell or deliver
such liquor to the person having such habit.  If the person so notified at any
time within twelve months thereafter sells or delivers any such liquor to the
person having such habit, or permits such person to loiter on his premises,
the person giving the notice may, in an action of tort, recover of the person
notified such sum, not less than one hundred nor more than five hundred
dollars, as may be assessed as damages: provided, that an employer giving
such notice shall not recover unless he is injured in his person or property."

the person named in it, had the habit of drinking intoxicating liquors to excess; and that the defendant understood the purpose for which the notice was given.

The defendant asked the judge to rule as follows: "1. The written notice claimed to have been given by the plaintiff to the defendant was not a sufficient compliance with the provisions of the Pub. Sts. c. 100, § 25, and for that reason the plaintiff cannot recover. 2. The plaintiff being more than twenty-one years old on September 1, 1885, and since he came of age not having been dependent upon his father for support, he cannot maintain this action."

The judge refused so to rule; ruled that the notice was sufficient; and found for the plaintiff in the sum of $150. The defendant alleged exceptions.

*J. B. O'Donnell*, for the defendant.

*J. B. Bottum*, for the plaintiff.

MORTON, C. J. We are of opinion that the notice in this case was a sufficient compliance with the statute. The meaning of the notice is clear. It is a notice by a son to the defendant, requesting him not to sell intoxicating liquor to his father. The signature imports that the signer is the son of the I. N. Taylor named in the body of the notice. The defendant, upon receiving the notice, would naturally understand its meaning and purpose, and it is found that he did in fact so understand it. If he sold intoxicating liquor to the father after receiving the notice, he did so at his peril. *Kennedy* v. *Saunders*, 142 Mass. 9. *Tate* v. *Donovan*, 143 Mass. 590.

The ground taken by the defendant, that the action cannot be maintained because the plaintiff was of age and was not dependent upon his father for support, cannot be sustained. The statute provides that " the husband, wife, parent, child, guardian, or employer of a person who has or may hereafter have the habit of drinking spirituous or intoxicating liquor to excess," may give the notice and maintain the action provided by the statute. This does not limit the right to bring the action to a minor child. The statute contemplates that the habitual drunkenness of a husband or wife, parent or child, is a substantial injury to those bound together in domestic relations, and gives such a right to recover damages in the nature of a penalty, not only for any

injury to the person or property, but for the shame and disgrace brought upon them. Unless this is the construction of the statute, the proviso that an employer "shall not recover unless he is injured in his person or property" is senseless.

The right of a son to recover does not depend upon the question whether he is dependent upon and looks to the father for support; it depends solely upon the relation of father and son. An adult son may maintain the action after giving the notice required by the statute.            *Exceptions overruled.*