## Minnie S. Sackett *vs.* Bruno F. Ruder.

Hampshire.     September 16, 1890. — October 25, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Jury — Peremptory Challenge — Intoxicating Liquors — Civil Damages —
Notice — Evidence.*

In civil actions, the right of peremptory challenge conferred by the Pub. Sts. c. 170, § 36, extends to bystanders put upon the panel as well as to the jurors regularly summoned, and may be exercised after such bystanders are sworn and at any time before the beginning of the trial.

If a notice in writing forbidding the sale of intoxicating liquors to a person having the habit of drinking them to excess does not expressly state the relationship existing between the giver thereof and such person, it must be shown, to support an action against the seller under the Pub. Sts. c. 100, § 25, that he knew or believed that the requisite relationship existed between them; it is not enough that he had reasonable cause to believe that such relationship existed.

The action allowed by the Pub. Sts. c. 100, § 25, for the recovery of such a limited sum as may be assessed by a jury for the sale or delivery, after notice, of intoxicating liquors to a person having the habit of drinking such liquors to excess, is essentially a penal action; and in a suit by a daughter for such a sale to her father, evidence may be admitted, in order to assist the jury in assessing the damages, of the circumstances attending each violation of the statute, and of the effect of such violation upon the relations between the plaintiff and her father.

At the trial of such an action, in which the declaration alleged, in various counts, the sale of liquors on days specified and during periods including such days, and also permission to loiter on the defendant's premises, the jury were instructed that the plaintiff need not prove that the sales were made on the particular days alleged; that, to recover under the counts covering a period of time, the plaintiff must show a sale within such period; that under the counts alleging particular days the plaintiff might recover for injuries suffered by reason of a sale made on any day not used as a basis for recovery under any other count; that there must be only one allowance of damages for one sale, and only one sale allowed under any count; and that under the counts for loitering, as for sales, they were to allow damages only for a particular occasion other than an occasion when sales were made. *Held,* that the defendant had no ground of exception.

TORT on the Pub. Sts. c. 100, § 25. The declaration was in ten counts, the first six and the tenth for selling or delivering intoxicating liquors to Rufus W. Sackett, the father of the plaintiff, on particular days specified, or during periods including those days, between February 26, 1889, and December 5, 1889, and the remaining counts for permitting him to loiter on the defendant's premises during successive periods between the same dates.

Trial in the Superior Court, before *Dewey*, J., who allowed a bill of exceptions, in substance as follows.

The case came on to be tried on Monday, June 2, 1890, and the jury were impanelled and then excused from further attendance until nine o'clock A. M. on the Wednesday following. Two of the jurors failed to appear at that hour, and the sheriff, as directed by the judge, returned two of the bystanders as jurors, one of whom was named Stone, and they were duly sworn together by the clerk. As soon as the oath was administered to them, and before anything else was done, the counsel for the defendant stated that he desired to challenge Stone. The clerk thereupon called the attention of the judge to the fact that the defendant wished to challenge Stone, but the judge stated, although notified by the counsel that the defendant had not exhausted his right to challenge, that he could not allow it unless the counsel for the plaintiff consented. The plaintiff's counsel withheld his consent, and Stone remained on the jury; and the defendant excepted.

There was evidence that, on February 26, 1889, the plaintiff personally served upon the defendant the following notice : " To whom it may concern. Notice is hereby given not to sell any intoxicating liquors to R. W. Sackett of this city after this date. Feb. 26th, 1889. Miss Sackett." There was also further evidence that thereafter the defendant, who was licensed to sell intoxicating liquors, sold such liquors to the plaintiff's father, the R. W. Sackett named in the notice, and permitted him to loiter upon the premises covered by the license on the days and during the periods alleged in the declaration. There was also evidence, which was contradicted, that the defendant at the time the notice was served upon him knew that the plaintiff was the daughter of Sackett. On the question of damages, the judge, against the defendant's objection, admitted evidence offered by the plaintiff tending to show that, after the notice was given, her father when sober was kind to her, but that when intoxicated, as he frequently was, he was abusive in his language and ill treated and disgraced her in the presence of her friends, as the result of which she was rendered nervous and her health was impaired; and the defendant excepted. The dates of these various occurrences were not fixed. The defendant asked the

judge to rule that the notice was insufficient under the statute, but the judge refused so to rule ; and the defendant excepted.

The judge, among other things, instructed the jury as follows: " The question of the sufficiency of this notice is partly a question of law, and partly a question of fact. I think a notice in any given form of words might be legally sufficient under some circumstances, and with the existence on the part of the defendant of certain knowledge of facts, which under other circumstances and with ignorance of those facts might not be. It seems to me, in connection with this notice, that the plaintiff must satisfy you that, at the time the notice was given, the defendant knew, or he then reasonably ought to have known, that the person whose name was signed to the notice in signing and giving the notice was acting as the daughter of Rufus W. Sackett. It is not necessary, as matter of law, that he should have had personal acquaintance with her. . . . Under this declaration I think it is my duty to say that damages can be assessed only for one sale under each count, and damages can be assessed only once for any one sale. . . . In these counts . . . there are allegations of single sales on December 3d, 4th, and 5th, and then a general allegation for sales covering a period from March to December. Now in that allegation from March to December, although it covers the same period as is covered by the other counts, yet you might allow damages under that count for a sale, if proved, provided it is not a sale for which you allowed damages under any other count ; but there must be only one allowance of damages for one sale, and only one sale allowed for under any count. . . . You must notice that under the counts for loitering, as under the counts for sales, you are only to allow damages for a particular occasion, — some particular occasion proved other than the occasion when sales were made. If you find yourselves led to a conclusion in which you award damages to the plaintiff, you must not go upon the idea that Sackett was allowed to loiter there from day to day, from time to time, other than the period from February to December, and that the plaintiff is entitled to recover under these counts for what you might call a general loitering from day to day. It is only for specific occasions. . . . In order to entitle the plaintiff to recover, it was not necessary that the plaintiff should prove that the sales

were made on the particular days set out in the declaration; that in order to recover under the counts covering a period of time the plaintiff must show a sale within the period named, but that under the counts where particular days were set out the plaintiff might recover for injuries which she suffered by reason of a sale made on any day not used as a basis for recovery under any other count."

The jury found that, at the time the notice was given by the plaintiff, the defendant knew that the person giving the notice was a daughter of Sackett, and returned a verdict for the plaintiff in the sum of $1,533.75; and the defendant alleged exceptions.

*D. W. Bond,* for the plaintiff.

*W. G. Bassett,* for the defendant.

FIELD, C. J.    At the common law, no peremptory challenges to jurors were allowed in civil actions, and in criminal cases where such challenges were allowed, the right of challenge must be exercised before the juror was sworn. *Stone* v. *Segur,* 11 Allen, 568.  *Creed* v. *Fisher,* 9 Exch. 472.  *Regina* v. *Frost,* 9 C. & P. 129, 137.  *Regina* v. *Key,* 3 C. & K. 371; *S. C.* 2 Den. C. C. 346.

The statutes in force here on this subject when the present case was tried were the Pub. Sts. c. 170, §§ 33–39, and c. 214, §§ 5 and 6.  The first clause of c. 170, § 36, is as follows : " In all cases, civil or criminal, either party shall, before the trial commences, be entitled to challenge peremptorily two of the jurors from the panel called to try the cause," etc.  Similar language is used in c. 214, § 6, with reference to the challenging of jurors, " when the indictment is for an offence punishable with death or imprisonment for life."  The provisions of statute relating to returning jurors from the bystanders " to complete the panel," are found in the Pub. Sts. c. 170, §§ 33 and 34.  In civil causes, except in the county of Suffolk, the first twelve jurors on the list of jurors who have been summoned to attend are, unless excused, sworn and impanelled as the first jury, and the next twelve are sworn and impanelled as the second jury, and the jurors are not sworn in each case, but once for all causes that may be committed to them.  In criminal cases, the jurors are called, sworn, and impanelled anew for the trial of each case, " according to the established practice."  Pub. Sts. c. 170,

§§ 26–32.   In criminal cases, according to the established practice, when the prisoner is set to the bar to be tried, the clerk publicly announces to him that he has the right to challenge a certain number of jurors without cause, and that he must exercise this right after they are called and before they are sworn. There is no similar announcement in the trial of civil causes. Civil causes are often tried in the absence of the parties, and from this and the practice of swearing the jurors at the beginning of the session to give a true verdict in all causes that may be committed to them, it necessarily resulted that in any particular civil action the right of peremptory challenge might be exercised after the jurors had been sworn, and by the attorneys of the parties for them.    When the right of peremptory challenge was first given in civil causes, by the St. of 1862, c. 84, the Supreme Judicial Court was authorized to prescribe, by general rules, the manner in which it should be exercised.   See Pub. Sts. c. 170, § 37.   But no rules having been prescribed, the practice in civil causes became established of permitting peremptory challenges up to the time when the trial commenced by the reading of the writ, or by taking some action which, in the ordinary sense of the words, may be said to be the beginning of the trial.   In criminal cases the practice continued of requiring the prisoner to exercise the right of peremptory challenge before the jurors were sworn.   It was considered that a criminal trial commenced when the prisoner was set to the bar to be tried, and when, having pleaded not guilty, the jurors were called, and, after giving him an opportunity to challenge them, were sworn.   The right of a court to reject a juror for cause, even after he has been sworn, if the attention of the court is then for the first time called to the objection, is not now under consideration.   The practice, as we have stated it, is, we think, well established in both civil and criminal cases with reference to the challenge of jurors who have been regularly summoned.   With reference to the peremptory challenge of jurors who are returned from the bystanders, we are not aware that the occasions have been so frequent that the practice can be said to be well established. Such a juror, when returned even in a civil cause, is sworn only for the particular cause, and he does not become one of the panel to try the cause until he has been accepted as a juror by the

court. Neither party to the present case has argued that there is no right whatever to challenge peremptorily a talesman, and as the statute gives the right " to challenge peremptorily two of the jurors from the panel called to try the cause," we think that the right of peremptory challenge extends to bystanders put upon the panel, as well as to the jurors regularly summoned. The parties have nothing to do with the original selection of jurors, whether they have been regularly summoned or have been returned from the bystanders, and the same reasons for allowing peremptory challenges to a party exist in one case as in the other. The question which has been argued is whether a party in a civil cause can challenge peremptorily a talesman after he has been sworn but " before anything else was done." This question, we think, must be decided by analogy, and we are of opinion that the right to challenge peremptorily such jurors as are returned from the bystanders and accepted by the court must be the same as the right to challenge other jurors upon the same panel, and can be exercised within the same limits. According to the practice, the defendant had the right to challenge peremptorily any one of the regular jurors upon the panel at the time he attempted to challenge Stone, who was returned as a talesman, and as we are unable to make any distinction between the jurors with reference to the right of challenge, we think that the presiding justice erred in refusing to allow the challenge of Stone.

The form of the notice given in this case does not differ greatly from that given in *Taylor* v. *Carroll*, 145 Mass. 95. It is a nice question whether the signature in that case indicated that the person signing it was a son of the person named in the body of the notice, more distinctly than the signature in the present case indicated that the person signing it was a daughter of the person named in the body of the notice. The notice must in fact be given by a person who holds such a relationship to the person who has the habit of drinking to excess as is required by the Pub. Sts. c. 100, § 25, and if the notice does not expressly state that the person signing it holds any such relationship, we think that it must be shown that the defendant understood, that is, knew or believed, that such a relationship existed. In *Tate* v. *Donovan*, 143 Mass. 590, it was held that the notice

need not state that the person concerning whom the notice is given has the habit of drinking spirituous or intoxicating liquor to excess, but that the person to whom a proper notice has been given is put upon inquiry to ascertain this fact. But it is going too far to hold that a person is put on his inquiry by any notice that may be given. It is only when a person is notified in accordance with the statute that it can reasonably be held that he is put upon inquiry. The statute fairly implies that the person notified must have notice, or knowledge, that one of the persons named.in the statute has given him notice in pursuance of the statute. A reasonable cause to believe is not the same thing as actual belief, and we think that it must be shown that the person notified understood in some manner that one of the persons named in the statute had given him the notice, if the notice itself does not state this. In the present case, the jury found that the defendant knew that the person signing the notice was the daughter of Rufus W. Sackett, and this would render the exceptions taken on this part of the case immaterial.

In determining the question of law relating to what are called damages, it is necessary to consider the nature of the action. In previous decisions, it has been intimated that this is a penal action. *Taylor* v. *Carroll*, 145 Mass. 95. *Tate* v. *Donovan*, 143 Mass. 590. Except in the case of an employer, the statute does not require that the person giving the notice, in order to maintain an action, should have been injured in his person or property. In this respect § 25 of chapter 100 of the Public Statutes differs from § 21 of that chapter, and resembles § 24. See *O'Connell* v. *O'Leary*, 145 Mass. 311. The husband, wife, parent, or child who may maintain the action, need not be dependent for support upon the person having the habit of drinking to excess, or have suffered anything which, by the common law, is considered as damages. *Taylor* v. *Carroll*, 145 Mass. 95. The sum to be recovered for each violation of the statute cannot be less than one hundred dollars, whether there is any damage or not. The statute, indeed, says that the sum to be assessed, within the limits prescribed, is to be assessed as damages. This must be taken as a direction to the jury in determining the amount, but the word "damages" is not used in a strictly legal sense. In somewhat similar statutes the sum to be recovered is to be assessed

"with reference to the degree of culpability." Pub. Sts. c. 52, § 17; c. 73, § 6; c. 112, §§ 212, 213. St. 1883, c. 243. St. 1887, c. 270, § 3. Penalties and forfeitures prescribed by statute are sometimes not for definite amounts, but only for amounts within certain limits, and when they are recoverable by an action of tort, the amount within these limits must be determined by the jury, and often the statutes lay down no rules for the guidance of the jury. See, for example, Pub. Sts. c. 80, §§ 66, 81; c. 217, § 2. We think it clear that this is essentially a penal action, and that the common law rules concerning damages cannot be in all respects applied to it, and that it was competent for the court, if it saw fit, in order to assist the jury in determining the amount to be assessed within the limits prescribed, to admit evidence of the circumstances attending each violation of the statute complained of, and of the consequences which in whole or in part resulted from such violation, so far as they affected the relations between the plaintiff and her father. Certainly we are unable to see that the presiding justice in the present case violated any rule of law in any of his rulings upon what is called the assessment of damages.

It does not appear that any objection was taken to the form of the different counts in the declaration. The instruction, " In order to entitle the plaintiff to recover, it was not necessary that the plaintiff should prove that the sales were made on the particular days set out in the declaration, — that in order to recover under the counts covering a period of time the plaintiff must show a sale within the period named, but that under the counts where particular days were set out the plaintiff might recover for injuries which she suffered by reason of a sale made on any day not used as a basis for recovery under any other count," — is in accordance with the rule adopted in the trial of criminal cases. No question is made that all the acts of the defendant of which any evidence was introduced were done within twelve months after the notice was given. The instruction that "there must be only one allowance of damages for one sale, and only one sale allowed for under any count," is correct. The instruction, " You must notice that under the counts for loitering, and under the counts for sales, you are only to allow damages for a particular occasion, — some particular occasion

proved other than the occasion when sales were made," — is in accordance with the decision in *Kennedy* v. *Saunders*, 142 Mass. 9.

For the reason, however, that the presiding justice erred in not allowing the challenge to Stone, the

*Exceptions are sustained.*