ELIZABETH H. EDWARDS *vs.* HOWARD C. WOODBURY.

Middlesex.     January 22, 1892. — February 25, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Civil Damage Act — Pleading — Averment of Time — Knowledge of Plaintiff — Statute of Limitations.*

An action was brought under the Pub. Sts. c. 100, § 21, to recover damages caused to the plaintiff by her husband in consequence of his intoxication, produced by liquor sold to him by the defendant. There were seven counts, six of which

alleged a sale and delivery on or about a specified date, and the seventh alleged sales and deliveries on or about a specified date and at divers other times between that date and the date of the writ. *Held*, that it was not necessary under any of the first six counts to prove the averment of time as laid, the only absolute limit being that the time must be within the statute of limitations applicable to the action; that knowledge by the defendant that the plaintiff's husband was accustomed to get intoxicated, or had been intoxicated within six months next preceding the sale of intoxicating liquors to him, need not be shown; that under the last count a sale on one occasion within the time alleged could be proved; that the allegations of the different counts were not in terms that the defendant wholly caused the intoxication of the plaintiff's husband, it being sufficient to prove that the defendant caused it in whole or in part; that the cause of action was not within the Pub. Sts. c. 197, § 3, and that it had not been contended that the time within which the action might be brought was not six years next after the cause of action accrued.

TORT under the Pub. Sts. c. 100, § 21, in seven counts.

The first count was as follows: "And the plaintiff says the defendant is the owner and keeper of a certain tenement, being the shop numbered seventy-seven on Devonshire Street, in Boston, in the county of Suffolk, used by the defendant for the sale of intoxicating liquor; that on or about the first day of January, A. D. 1888, the defendant in said tenement sold and delivered intoxicating liquor to Henderson J. Edwards, the husband of the plaintiff, to be drunk by said Henderson J., and said Henderson J. did drink the same, and thereby became intoxicated; and the defendant did, by selling said liquor to said Henderson J., cause his intoxication; and the said Henderson J., being so intoxicated, did in consequence thereof assault the plaintiff and greatly injure her, by reason whereof she was made sick and confined to her bed for a long period of time, to wit, for more than three months, and suffered great pain and anguish of body and mind."

Each of the second, third, fourth, fifth, and sixth counts, like the first, alleged a sale and delivery on or about a specified time.

The seventh count was as follows: "And the plaintiff further says, that on or about the first day of January, A. D. 1888, and at divers other times between said first day of January, A. D. 1888, and the date of this writ, the defendant in said tenement has sold and delivered intoxicating liquor in large quantities to said Henderson J. Edwards, to be drunk by said Henderson J., and said Henderson J. did drink the same, and thereby became intoxicated, and thereby contracted habits of intoxication; and the defendant thereby caused his intoxication, and caused him to

form said habits; and the said Henderson J., being so intoxicated, did in consequence thereof, at divers times between the dates last mentioned, assault and ill treat the plaintiff and greatly injure her, and did destroy and break up divers articles of dress and divers articles of jewelry, and divers other articles of personal property of the plaintiff, and did not give her proper support and care, as it was his duty to do; and by reason of the premises she was made sick for a long time, and suffered great pain of body and mind, and was greatly injured in her person and property and means of support."

Trial in the Superior Court, before *Blodgett,* J., who allowed a bill of exceptions, in substance as follows.

It appeared that the defendant had been the keeper of a restaurant in Boston since 1884, and duly licensed as a victualler, and to sell intoxicating liquors to be drunk and not to be drunk on the premises; that there was no evidence of any drunkenness, or of men seen drunk there, except the plaintiff's husband, and there was much evidence to show that while the defendant had kept the restaurant no drunkenness had been seen in it, nor anybody intoxicated, except the plaintiff's husband, and no evidence of his being seen in the restaurant drunk till about March, 1890, when the defendant saw him enter drunk once, and refused to furnish him any more liquor after that; that one Silva, whose reputation for truth was shown to be bad, testified to seeing him drink liquor, and drunk there, several times in February, or March, or April, or May, 1890, but could not testify more definitely; that no other witness testified to seeing him drink liquor there, or drunk there; that the plaintiff and her sister testified to seeing him come from there frequently, between the spring of 1887 and the spring of 1890, intoxicated, and no others testified to seeing him come from there when he was drunk; that in consequence of his intoxication as aforesaid he did the acts alleged in the first six counts, but not at or about the time alleged; and as to several of the six counts, not within several months of the various times alleged, the court allowing the plaintiff, against the defendant's objection, to put in evidence of what occurred to sustain any of the counts at any time within six years of the date of the writ, and ruling that if the acts alleged were done at any time within six years the action could be maintained so far as the time was concerned.

The evidence tending to prove the assault alleged in the first count applied only to what happened in April, 1887, and not on or about January 1, 1888.

The defendant put in evidence tending to show that neither he nor his clerks or servants had any knowledge of the plaintiff's husband, or of his being at said restaurant, till the fall of 1889, and did not know his name till March, 1890; that no liquor was furnished him there when he was intoxicated, or had any appearance of being intoxicated, to the knowledge of any of them.

There was no evidence to show that the defendant, or his clerks or servants, had any knowledge up to the time aforesaid, when the defendant saw the plaintiff's husband come into the restaurant drunk, that he was a drunkard, or accustomed to get intoxicated, or that he had been intoxicated at any time; but there was evidence tending to show that neither the defendant, nor his clerks or servants, had any such knowledge up to the time last above mentioned, after which, as above stated, no more liquor was furnished him at the restaurant; and there was evidence tending to show that the defendant by himself or clerks or servants never furnished the plaintiff's husband any liquor when he was intoxicated, or appeared to be intoxicated.

The defendant objected to any evidence being let in to support the last count; but the court, against the objection, let in evidence to support any of the allegations in the last count, without regard to time, except to limit the evidence to the period between January 1, 1888, and the date of the writ. And in his charge to the jury the judge instructed them in accordance with said ruling in letting in the evidence; and the defendant excepted.

There was evidence tending to show that the plaintiff's husband had been an habitual drunkard for the last ten years, drunk very often at all times of day, and frequently going home drunk.

The defendant requested the court to instruct the jury:

" First. That if the plaintiff's husband obtained any liquor of defendant which caused his intoxication as alleged, the defendant cannot be liable for the damage unless he knew, or had good reason to believe, when he sold it to him, that he was intoxicated, or was accustomed to get intoxicated.

" Second. That defendant cannot be liable in damages on

account of the alleged intoxication unless he knew when he sold him the liquor that he was then intoxicated, or was then known to the defendant to be a drunkard, or to have been intoxicated within the six months next preceding.

" Third.	That the last count is too general and indefinite to admit of any proof under it.

" Fourth.	That the first count is barred by Public Statutes, chapter 197, section 3.

" Fifth.	That the allegations and proof must correspond; and under this declaration this action cannot be maintained unless all the liquor which made her husband drunk was furnished him by the defendant, and with such knowledge as mentioned in the first and second requests, or without such knowledge.

" Sixth.	That plaintiff cannot in any event recover anything on account of what occurred, or was caused by defendant, before about January 1, 1888, nor on account of any damage caused by defendant at other times than on or about the times alleged in the first six counts in the declaration, and that several months' variance from the times alleged is not near enough."

The court refused to give any of these instructions, and instructed the jury, among other things, that under the law, as well as under the declaration, if, on any of the occasions mentioned in the first six counts, when the plaintiff's husband went home intoxicated, no matter when, if within six years of the date of the writ, and did the damage alleged in consequence of intoxication, such intoxication was caused in whole or in part by what liquor the defendant furnished him on those occasions, then the defendant was liable to the plaintiff for the damage; and that it made no difference whether the defendant or his clerks or servants knew, or had good reason to believe, that when the liquor was furnished he was intoxicated, or accustomed to get intoxicated, or known to any of them to be a drunkard, or that he had been drunk before at any time.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*L. W. Howes,* for the defendant.

*H. N. Sheldon,* for the plaintiff.

FIELD, C. J.	It was not necessary under any of the first six counts of the declaration to prove the averment of time as laid.

The only absolute legal limit is that the time proved must be within the statute of limitations applicable to the action. The defendant did not ask the court to order the plaintiff to file a statement of particulars, pursuant to the Pub. Sts. c. 167, § 61, nor did the defendant contend that he had been surprised at the trial by the evidence admitted by the court, and ask for time to obtain evidence to meet it. There are reasons, perhaps, why, in an action of this kind, great pains should be taken to secure to a defendant an opportunity to meet the case proved by the plaintiff, because the injuries to the plaintiff are not likely to be within the knowledge of the defendant; but the rules of law are the same in this as in other similar actions. *Little* v. *Blunt,* 16 Pick. 359, 365. *Commonwealth* v. *Kelly,* 10 Cush. 69. *Commonwealth* v. *Wood,* 4 Gray, 11. *Sackett* v. *Ruder,* 152 Mass. 397. *Leatherbee* v. *Barrett,* 152 Mass. 532.

Knowledge on the part of the defendant that the plaintiff's husband was accustomed to get intoxicated, or had been intoxicated within six months next preceding the sale of intoxicating liquors to him by the defendant, is not necessary to sustain an action under the Pub. Sts. c. 100, § 21. The statute does not make such knowledge a constituent element of the cause of action. See *Commonwealth* v. *Julius,* 143 Mass. 132.

Under the last count, a sale on one occasion of intoxicating liquor within the time alleged could be proved. *Sackett* v. *Ruder, ubi supra.* The cause of action is not within the Pub. Sts. c. 197, § 3.

The allegations of the different counts in substance are that the defendant sold intoxicating liquors to Henderson J. Edwards, the plaintiff's husband, to be drunk by him, which he drank, and thereby became intoxicated, and that the defendant thus caused his intoxication. This is not in terms an allegation that the defendant wholly caused his intoxication, and it is sufficient to support the action to prove that the defendant caused it in whole or in part, for this is the language of the statute. *Bryant* v. *Tidgewell,* 133 Mass. 86.

If this is not such an action as is described in the Pub. Sts. c. 197, § 3, it has not been contended that the time within which the action may be brought is not six years next after the cause of action accrued. Pub. Sts. c. 197, § 1, cl. 4.

*Exceptions overruled.*