JENNIE M. MALHOIT *vs.* JOHN F. BURNS.

Worcester.   March 29, 1920. — May 18, 1920.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Intoxicating Liquors.   Infant.*

In an action to recover the penalty prescribed in R. L. c. 100, § 62, for allowing the plaintiff's minor son to loiter upon premises where intoxicating liquor was sold, evidence that the son had been served with intoxicating liquor in a saloon conducted by the defendant, and, when served with the liquor, generally had stayed there "about two hours or two and one half hours," was *held* sufficient to warrant a finding that the plaintiff's son was allowed by the defendant to loiter on the premises and to entitle the plaintiff to recover the penalty prescribed in R. L. c. 100, § 62.

R. L. c. 100, § 62, creates three separate and distinct causes of action.

In an action to recover penalties prescribed in R. L. c. 100, § 62, recovery on a count alleging a sale of intoxicating liquor to a minor on a certain date does not bar recovery on another count which alleges that on the same date the minor was permitted to loiter on the premises where the sale was made.

TORT, with a declaration in eight counts, to recover penalties provided by R. L. c. 100, § 62. The first four counts alleged respectively sales of intoxicating liquor by the defendant or his agent or servant to the plaintiff's minor son on June 22, 24, 26, and July 1. The last four counts alleged respectively that on those dates the defendant or his agent or servant permitted the plaintiff's minor son to loiter upon the defendant's premises where sales of intoxicating liquor were being made. Writ in the Second District Court of Southern Worcester dated December 9, 1916.

On appeal to the Superior Court, the case was tried before *Hammond*, J. The material evidence is described in the opinion. The judge refused, at the close of the evidence, to direct a verdict for the defendant on counts 5, 6, 7 and 8. The jury returned a verdict of $600 for the plaintiff upon three counts by reason of sales to her son on June 22, 24, 26, and upon three other counts because the defendant permitted the son to loiter on his premises on those dates, and found for the defendant on both the counts which alleged offences on July 1. The defendant alleged exceptions.

The material portion of R. L. c. 100, § 62, reads as follows:

"Whoever, himself or by his agent or servant, sells or gives intoxicating liquors to a minor, either for his own use, the use of his parent or of any other person, or allows a minor to loiter upon the premises where such sales are made, shall forfeit one hundred dollars for each offense, to be recovered by the parent or guardian of such minor in an action of tort."

The case was submitted on briefs.

*S. B. Taft, A. H. Bullock & J. M. Thayer*, for the defendant.

*F. W. Morrison*, for the plaintiff.

CROSBY, J. The plaintiff brings this action to recover the penalties prescribed in R. L. c. 100, § 62, for selling intoxicating liquors to her minor son, and for allowing him to loiter upon the premises where such sales were made. The declaration as amended contains eight counts, — the first four alleging a sale or gift of intoxicating liquor to the minor, and the last four that he was permitted and allowed to loiter upon the premises where such sales were made. The jury found for the plaintiff on all the counts except the fourth and eighth. The defendant excepted to the refusal of the court to order a verdict in his favor on the fifth, sixth, seventh and eighth counts.

The question is, whether the evidence warranted a finding that the minor was allowed to loiter on the defendant's premises where intoxicating liquors were sold, on the twenty-second, twenty-fourth and twenty-sixth days of June, 1916. He testified that he was in the defendant's bar-room on the dates named and that one Poulliot was with him, and that on each occasion he was served with liquor by the defendant and his bartenders. Poulliot testified that he was with the minor on the above dates; that each was

served with liquor; that each paid for liquor so served; and that when they obtained liquor there they generally stayed in the defendant's saloon "about two hours or two and one half hours." This evidence, if believed, warranted a finding that the plaintiff's son was allowed by the defendant to loiter on the premises, and entitled her to recover the prescribed penalty under counts five, six and seven.

The statute creates three causes of action and allows a recovery for a sale of intoxicating liquor to a minor, for a gift to him of such liquor, and also for allowing him to loiter on the premises where such liquors are sold. They are separate and distinct causes of action. *McNeil* v. *Collison*, 130 Mass. 167. The finding for the plaintiff under counts one, two and three for sales of liquor on the three dates named did not prevent a recovery on the counts for loitering on the same dates, if there was evidence to show that the minor did so loiter. Whether the defendant could be held liable for allowing the minor to loiter on the premises if the evidence showed that he was there only long enough to be served with a drink of intoxicating liquor, we need not decide, as there was evidence that on each occasion he remained from two to two and one half hours.

The cases of *Kennedy* v. *Saunders*, 142 Mass. 9, and *Sackett* v. *Ruder*, 152 Mass. 397, relied on by the defendant, do not support his contention that he cannot be found liable on the counts for loitering. *Kennedy* v. *Saunders* was an action under Pub. Sts. c. 100, § 25 (R. L. c. 100, § 63), upon a declaration in four counts, two of which alleged a sale or delivery of intoxicating liquor at different times to a person having the habit of drinking such liquor to excess, within twelve months after having been notified not to do so; and the other two counts alleged the defendant permitted such person to loiter upon the premises where such liquors were kept at different times within the same twelve months; it was held that the plaintiff might recover separate damages under each count. *Sackett* v. *Ruder* also was an action brought under Pub. Sts. c. 100, § 25; the declaration contained various counts for sales of intoxicating liquor on dates specified and during periods including such dates, and also alleged permission to loiter on the defendant's premises; the trial judge instructed the jury: "You must notice that under the counts for

loitering, as under the counts for sales, you are only to allow damages for a particular occasion, — some particular occasion proved other than the occasion when sales were made." These instructions were held to be in accordance with the decision in *Kennedy* v. *Saunders, supra,* and meant that where as in that case the counts covered periods of time, the plaintiff could recover under each count for sales and for loitering but one award of damages.

*Exceptions overruled.*