HOPPER *v.* STATE.

(*Knoxville,* September Term, 1952.)

Opinion filed December 5, 1952.

HOBART F. ATKINS, of Knoxville, and J. HOWARD COLLETT, of Maynardville, for defendant.

KNOX BIGHAM, Assistant Attorney General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendant, Harley Hopper, was convicted of permitting minors to loiter about a place where beer is sold, with punishment fixed at a fine of $25. The defendant

is the operator of a retail beer place in Union County. He also sold cigarettes, candy, hamburgers, etc. A number of county officers testified that they had regularly visited defendant's place of business during the six month period prior to the time of the trial and that on many occasions, they saw minors there. Dances were frequently conducted in the place on Friday and Saturday nights and minors would be there on these nights, as well as on other nights. One officer testified that about two months prior to the trial, he saw a Nicely boy drinking beer at this place. This officer's understanding was that the boy was nineteen years of age. Another officer testified that on one occasion within six months prior to the trial, he saw minors drinking beer in defendant's place of business. Many other witnesses testified that they saw minors about this beer place.

The principal insistence is that the state failed to prove any specific instance of loitering. It is contended that the facts shown in the proof do not constitute loitering within the meaning of Section 1191.10 of the Code Supplement. We seem to have no case in point in this state.

However, in a case involving the offense of allowing women to loiter on premises where liquor is kept for sale, the Supreme Court of Errors of Connecticut approved Webster's definition of "loitering" as follows:

"To be slow in moving; to delay; to linger; to be dilatory; to spend time idly; to saunter; to lag behind."

See also *State* v. *Tobin*, 90 Conn. 58, 96 A. 312, 313.

The Supreme Judicial Court of Massachusetts has held that evidence that a minor was served with liquor in a saloon and thereafter stayed in the saloon two hours or

two and a half hours warranted a finding that the minor was allowed to loiter on the premises.

*Malhoit* v. *Burns,* 235 Mass. 559, 127 N. E. 333.

In 30 Am. Juris., Intoxicating Liquors, Section 336, it is said:

"Laws relating to the presence of minors in saloons, variously phrased, by the use of such terms as 'loiter', 'lounge' or 'remain', have been somewhat liberally construed, so as to include any case where a minor is in such a place for an appreciable time, say ten or fifteen minutes. The length of time necessary to make his presence a 'remaining' in a saloon is for the jury, although it has been held that a mere momentary presence for the purpose of transacting a lawful business does not ordinarily come within the operation of such a statute."

We are of the opinion that the evidence abundantly supports the conviction and all assignments of error are overruled.

Affirmed.