ALEEN McCOY, Plaintiff in Error, v. STATE OF
TENNESSEE, Defendant in Error.

466 S.W.2d 540.

Court of Criminal Appeals of Tennessee. March 18, 1971.

Certiorari Denied by Supreme Court April 5, 1971.

James Clark and Daniel Watson, Benton, for plaintiff in error.

David M. Pack, Atty. Gen., W. Collins Bonds, Asst. Atty. Gen., Nashville, Tom J. Taylor, Dist. Atty. Gen., Athens, for defendant in error.

## OPINION

DWYER, Judge.

From the jury verdict and judgment imposed thereon by the Ducktown Law Court of Polk County, Aleen McCoy appeals. She was found guilty of violating T.C.A. § 57-221 by a jury with resulting fine of $250, for allowing a minor to loiter where an alcoholic beverage, beer, is sold.

The proof reflects that Aleen McCoy owned and

operated McCoy's Beer Tavern located in Polk County. A deputy sheriff testified he entered the tavern December 1, 1969, around 2:30 P.M. and observed a 19-year-old girl sitting in a booth with two male companions drinking beer. The deputy sheriff's testimony was the State's proof, with the defendant and the minor girl testifying for the defense. A denial was made by the defense as to the minor girl being sold or drinking beer. There appears to be no contest as to her being in, on and about the premises of the tavern. There is a conflict as to whether the defendant was aware of the age of the minor girl.

■ The defendant contends that the evidence is insufficient and preponderates in favor of her innocence and against her guilt. She further contends that the proof does not support the verdict as returned in that it is contrary to the law.

We feel from our review of the record that there is a sufficiency of the evidence to support the verdict. The officer testified that he observed the minor girl when he entered the tavern drink from a can of beer. He also testified she admitted to drinking beer. The minor girl told the officer at first that she was twenty years old and, as related, there was no question about her being on the premises. The contention of the defendant is that the girl was served a coke and further that she thought the minor was twenty-one years old or over. As that may be, discrepancies and conflicts in the proof have been settled by the trier of the facts, the jury. See Brown v. State, Tenn.Cr.App., 441 S.W.2d 485; Troglen v. State, 216 Tenn. 447, 392 S.W.2d 925. The burden is upon the defendant in this court to show

that the evidence preponderates against her guilt and in favor of her innocence. She has not carried that burden. There is ample evidence to support the verdict. The assignments pertaining thereto are overruled.

■ The defendant next contends that the trial court erred in allowing the State to ask the defendant on cross-examination if she had been convicted on a prior charge which was on appeal. In 58 Am. Jur. 402, Sec. 745, the great majority of State courts hold it to be admissible to show a prior conviction even though a motion or an appeal to reverse same is pending. The trial court did not abuse its discretion in the control of the cross-examination. See Davis v. Wicker, 206 Tenn. 403, 409, 333 S.W.2d 921. The assignment is accordingly overruled.

■ The defendant next contends that the argument of the attorney general was inflammatory, appealing to emotional factors and accusations not pertinent to the record. The assertion was that the attorney general's argument that the policing of other beer joints and the police trying to protect minors misled the jury from the actual charge of allowing a minor to loiter on the premises and associated it with more serious violations that may have occurred in other places of business. We have examined the argument and find that it was within the realm of advocacy and did not exceed the bounds of propriety. It did not affect the results. See Harrington v. State, 215 Tenn. 338, 385 S.W.2d 758. The assignment is overruled.

■ ■ The last contention of the defendant is that the court erred in refusing the special request submitted by the defendant, which was timely and seasonably pre-

sented. The requested charge submitted, as it appears in the record, reads:

> "Definition of loiter as provided by Black's law dictionary=To be dilatory, to be slow in movement, to stand around, to spend time idly, to saunter, to delay, to idle, to linger, to lag behind."

We are satisfied that the requested charge is a correct definition of the law as pertains to loitering. See Hopper v. State, 194 Tenn. 600, 253 S.W.2d 765.

The nucleus of the entire lawsuit is the pivotal question of whether the defendant allowed the minor to loiter on her premises where an intoxicating beverage was sold. The court charged the law consonant with the provisions of T.C.A. § 57-221:

> "It shall be unlawful for the management of any place where any beverage licensed hereunder is sold to allow any minor to *loiter* about such place of business, and the burden of ascertaining the age of minor customers shall be upon the owner or operator of such place of business." (Emphasis added.)

At the conclusion of the charge counsel requested the court to charge on the definition of loitering and what it consisted of. The court replied that he did not have a definition of loitering and the statute did not attempt to define it. He would leave it to the jury. He informed counsel that if he had a request he would consider it, the record reflecting that he denied the request as tendered. As we view the charge as given we feel that it was meager and did not fully apprise the jury of the offense. In Wharton's Criminal Law and Procedure,

Vol. 5, Sec. 2094, p. 262, the following language may be found:

> " * * * It is error, however, to reject instructions which are both sound in law and applicable to the evidence * * * "

Both principles are to be found in this record.

In 23A C.J.S. Criminal Law § 1337, p. 923, the following may be found:

> "Where proper request is made for an instruction which correctly propounds the law and is warranted by the evidence and pleadings in the case, and which has not already been covered in other instructions, it is the duty of the court to give it, and a refusal thereof will constitute error."

We feel the court should have instructed the jury as to the request submitted. It was for their determination to find whether under the proven facts and circumstances the minor was loitering on the premises. The naked term loiter may be susceptible to many definitions by a jury of laymen. It was the duty of the court to instruct, as requested, in the absence thereof, the legal definition of the term loiter. The minor girl's presence on the premises is not of itself sufficient to sustain a conviction. As we view it, the court was under a positive duty to define the term loiter and it was the jury's duty to determine from the facts and circumstances proven, coupled with the definition, whether or not the minor loitered, within the purview of the statute. The absence of the definition, as we view it, deprived the defendant of a trial by a jury of her peers on an offense with all

applicable law explained to them by a court from which a jury is to be guided as to the law.

The judgment of the trial court is reversed. The record is remanded for a new trial.

OLIVER and O'BRIEN, JJ., concur.