JAMES R. PHILLIPS *vs.* WILLARD SMITH.

A declaration in an action at law cannot be used or commented upon as evidence against the plaintiff in the same case.

CONTRACT. Besides the original declaration filed on the entry of the writ, the plaintiff filed an additional declaration for use and occupation. At the trial in the Superior Court, before *Brigham*, C. J., the plaintiff introduced evidence tending to show that he let the defendant into possession of land on condition that he would cut and deliver to him 450 cords of wood; and that the defendant had not delivered the wood, and had not meant to do so when he went into possession. The original declaration could not be found, and the defendant, who had given notice to the plaintiff to produce it, offered " in evidence to the jury and as a part of the record," a copy of it, from which it appeared to be for a breach of contract to cut and deliver to the plaintiff $1500 worth of wood at $4.50 a cord. " The plaintiff objected to its admission, but his objection was overruled, and the paper was read to the jury by the defendant and commented upon in argument, as contradictory of the plaintiff's testimony and additional declaration."

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*T. M. Judd*, for the plaintiff, was not called upon.

*J. Branning*, for the defendant.

MORTON, J. The declaration having been lost, the defendant produced at the trial a copy thereof. If we assume that this copy was proved to the satisfaction of the court, and filed as a part of the record, yet it could not be used or commented on as evidence in the cause. The statute provides that " neither the declaration, answer, nor any subsequent allegation, shall be deemed evidence on the trial, but allegations only whereby the party making them is bound." Gen. Sts. *c.* 129, § 72. This case is governed by *Walcott* v. *Kimball*, 13 Allen, 460. *Exceptions sustained.*