AMARIAH A. TAFT *vs.* CAROLINE M. FISKE, executrix.

Worcester.   Oct. 2. — 26, 1885.   FIELD, C. ALLEN, & GARDNER, JJ.,
absent.

The plaintiff's counsel in an action is not entitled, in his closing argument to the jury, to comment upon the filing by the defendant of an amended answer during the trial, and to contend that, by a comparison of the amended answer with the original answer, a simulated defence is shown; and an exception lies to the refusal of the presiding judge to instruct the jury that the fact of such amendment of the answer is not a subject of comment, and should not influence their verdict.

DEVENS, J.   The case at bar is an action against the executrix of the late sheriff of Middlesex for the neglect and default of one of his deputies. The declaration alleges that a writ was placed in the hands of the deputy for service, which was in favor of the plaintiff and against one Travis, on which he was directed to attach property or take a sufficient bond; that Travis

had in his possession enough personal property subject to attachment to have secured the claim of the plaintiff; and that, by the neglect of the officer to make a substantial attachment, the plaintiff lost his debt.

As we are of opinion that the exception which relates to the conduct of the case before the jury must be sustained, and thus there must be a new trial, we have not deemed it desirable to consider the other exceptions, as it is not probable that they will be again presented in the same form in which they are now offered.

The defendant's original answer denied the allegations of the plaintiff's declaration. Before the trial, she filed an additional answer, setting up an attachment under a special order issued while the action was pending; alleging that all the property of Travis which could have been attached on the original writ had been attached thereon, and retained until such attachment was dissolved by operation of law.

At the trial, the defendant sought to prove that the instructions given to the deputy, which were indorsed on the writ, were superseded and waived. Being met by the objection that this defence was not open under the answer as it then stood, she was permitted to file an amendment thereto, setting forth this allegation. The instructions to the jury required them to find for the defendant, if this allegation was proved; and the verdict for the plaintiff necessarily disposes of this contention. The correctness of this instruction is not questioned.

The plaintiff's counsel, in closing, argued that the filing of this amendment during the trial showed that the defence so pleaded was a "put up" defence, not relied on when the original answer was filed; that its filing during the trial should "be taken into account; that not one word was said about all this in the original answer;" that the fact that this defence was not set up "until the trial was partly through, was to be considered," with other arguments of a similar nature.

While this argument was being made, the defendant's counsel privately called the attention of the presiding judge thereto, who declined to interrupt the plaintiff's counsel. At the close of the argument, the defendant formally called the attention of the judge thereto, and requested an instruction, which was refused,

that the fact that the defendant amended her pleadings during the trial, setting up an additional or more specific defence, was not a subject of comment, and that "the fact of such amendment should not influence or affect their judgment upon the facts of the case." To this instruction the defendant was entitled in substance. The answer is the statement of his case by a party. It is not to be deemed evidence on the trial, but consists of "allegations only whereby the party making them is bound." Pub. Sts. c. 167, § 75.

The plaintiff concedes that the contents of an answer are not the subject of comment; but contends that the fact of its filing may be. This is to draw too nice a distinction. The fact of its filing was perfectly unimportant in the case at bar, except as connected with the contents of the amended answer. In *Phillips* v. *Smith*, 110 Mass. 61, the original declaration was read and commented on as evidence contradictory of the plaintiff's testimony, and of the additional declaration on which the plaintiff finally sought to recover; and it was held that this was irregular. The case at bar does not differ in substance. The plaintiff here, by means of the answer first filed and that subsequently relied on, endeavored to show that the amended answer was a "put up" defence. The force of his argument depended upon a comparison of the evidence afforded by the two answers.

It would be a serious embarrassment to that liberal amendment of pleadings contemplated by our statutes, if a party availing himself of the leave in this respect granted by the court could only do so by subjecting himself to the imputation that his new form of statement, by its difference from that previously made, showed that he presented a simulated case. When the plaintiff objected to the evidence offered by the defendant, it was the right of the latter to apply to the court for leave to amend her answer, without invoking a ruling upon the question thus raised, and without subjecting herself to any imputation by reason that she had not before set forth the allegations made in the amendment.

The original statement of a party's case is often hurriedly prepared, with imperfect information of the facts, and sometimes under misapprehension of the law. New facts are revealed at the trial, and new views of the law applicable to them are

suggested. It would be unjust, if, in a closing argument, the counsel could be allowed to compare the answer originally made with that finally relied on, without an investigation of all the circumstances under which the original answer was made. Yet such an investigation would be obviously impossible. To permit counsel thus to comment after the evidence has been concluded, and when no opportunity for explanation remains, or indeed could ever be given, would often cause an entirely different effect to be attributed to the legal statements of a defence from that which they should properly bear.

The plaintiff urges that the defendant's counsel had no right to remain silent during his address to the jury, and that it was his duty then to have interposed. To have interrupted the plaintiff's counsel while making his argument was only to provoke altercation, especially after the defendant's counsel had satisfied himself that he would not be sustained by the court. To the refusal of the court then to interrupt the counsel the defendant has alleged no exception, and, as the matter was not then brought to the attention of the opposing counsel, perhaps could not have so done. But when, at the close of the argument, the matter was brought to the attention of the court in the presence of the counsel, the defendant was entitled, in substance, to the request made, unless, at least, the plaintiff's counsel then formally withdrew the comments made by comparison of the two answers, and disavowed any intention to ask a verdict by reason of them.                    *Exceptions sustained.*

*W. A. Gile*, for the defendant.

*T. G. Kent*, for the plaintiff.