LEMUEL E. DEMELMAN vs. GEORGE D. BURTON.

Suffolk.    December 7, 1899. — June 20, 1900.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

*Reading Interrogatories — " Subject-matter inquired of " — Commenting
upon Pleadings to the Jury.*

If one of the issues in an action is the genuineness of a signature, and that is the
only "subject matter inquired of " under Pub. Sts. c. 167, § 77, by the first ten
interrogatories, and there is no other interrogatory or answer upon that subject
matter, the action of the court in refusing to order the counsel to read the
answers to additional interrogatories, he having declined to read them unless
ordered by the court, is correct.

While it is legitimate for the counsel for the plaintiff to argue that the defendant
had deceived his own counsel as to the facts, and in support thereof to contrast
the opening argument of the counsel for the defendant and the testimony of the
defendant and another witness as to such facts on the one hand with the closing
argument of the same counsel on the other hand, he has no right under Pub.
Sts. c. 167, § 75, to comment upon the amended answer or the allegations con-
tained therein, nor upon the fact that it was filed after the trial was begun, nor
upon the time of its filing as having any bearing whatever upon the argument
he is making; nor is it material that the counsel for the plaintiff is stating only
what has taken place in the presence of the jury; nor does the fact that the
amended answer was filed in their presence warrant them in considering it un-
less otherwise they would be so warranted.

CONTRACT, upon a promissory note. At the trial in the Su-
perior Court, before *Sherman*, J., the jury returned a verdict for
the plaintiff; and the defendant alleged exceptions, which appear
in the opinion.

*G. W. Anderson*, for the defendant.

*E. R. Thayer*, for the plaintiff.

HAMMOND, J. The declaration was upon a note alleged to
have been made by the defendant payable to his own order and
by him indorsed to the plaintiff.

The answer contained several independent defences, one of
which was a denial of the genuineness of the " signature of said
note," and another was that " there was no lawful consideration
for the same."

Interrogatories were filed by the plaintiff to the defendant.
Of these the first ten related to the issue as to the genuineness

of the signature, the eleventh to the writing of other parts of the note, and the twelfth to the delivery of the note, while the remaining eight interrogatories related to the consideration.

The defendant answered the first twelve, but declined to answer the others unless so ordered by the court. Subsequently he answered them. At the trial the plaintiff read the first ten interrogatories and the answers thereto. The defendant moved that the remaining interrogatories and answers be read. The plaintiff stated that he was willing to read any of the answers to the first twelve, and read the eleventh, but he declined to read the answers to the last eight interrogatories unless so ordered by the court. The court refused to order that these be read. To this refusal the defendant excepted.

We think that this action of the court was correct. The practice act originally provided that " the party interrogated shall be entitled to require that the whole of the answers shall be read if any part of them shall be read." This was changed in the following year by St. 1852, c. 312, § 73, so as to read as it now stands in Pub. Sts. c. 167, § 77, " the party interrogated may require that the whole of the answers upon any one subject matter inquired of shall be read, if a part of them is read." One of the issues was the genuineness of the signatures, and that was the only " subject matter inquired of " by the first ten interrogatories. There was no other interrogatory or answer upon that subject matter. All that the defendant had said upon that was read to the jury. In *Churchill* v. *Ricker*, 109 Mass. 209, upon which the defendant relies, it was held that the " subject matter inquired of" was not the particular fact covered by the interrogatory, " but the matter put in issue by the pleadings and thus inquired of," and that since one subject matter put in issue by the pleadings in the case was whether or not the defendant was negligent in leaving ·open and unguarded a hole in a sidewalk, all the answers of the defendant bearing upon that issue should be read if any of them were.

But this is far short of saying that if the answers bearing upon only one issue are read, the answers upon all other issues must be read. The " subject matter inquired of " in these first ten interrogatories was the matter put in issue by a denial of the genuineness of the signatures and nothing else.

The bill of exceptions is not very clear respecting the use made of the amended answer in the closing argument of the plaintiff's counsel.  The real defence relied upon at the trial was that set up in the amended answer, namely, that the consideration for the note in suit was an agreement on the part of the plaintiff to prove against the estate of the defendant in insolvency certain prior notes held by the plaintiff and indorsed by the defendant, and to vote for the latter's discharge.

In the course of the trial the evidence was conflicting as to whether the note was signed and delivered at the Traders' Bank, as claimed by the defendant, or at the plaintiff's office, as claimed by the plaintiff; and whether at the time of the delivery of the note the defendant, as claimed by him, was ignorant that such an agreement was illegal, or, as claimed by the plaintiff, knew that such an agreement was illegal.

In his closing argument to the jury the counsel for the defendant virtually admitted that his client was wrong " as to where the note was signed," and continuing said that " if the defendant had testified that the note was signed in the plaintiff's office on February 15, he (the defendant) would have had a better case and a less troublesome case, and that he (counsel) wished the testimony had been the other way on this point, so far as his duty as attorney was concerned, and argued that even if the conversation before the bank took place on February 7, and the note was signed in the plaintiff's office on the 15th, this was immaterial." Counsel for the plaintiff in his closing argument claimed that a " radical change of position by counsel during the progress of a trial, as to material facts, indicated that his client had deceived him as to the facts, and that there had been such a change of position by counsel for the defendant in the present case; and in support of this contention counsel for the plaintiff compared the amended answer, the opening to the jury of counsel for the defendant, and the direct testimony of the defendant and the witness Hutchinson on the one hand (in all of which it was stated that the note was given before the defendant was advised of the illegality of the alleged agreement, and that as soon as he was so advised he repudiated that agreement), with the closing argument of counsel for the defendant on the other hand.  In the course of this argument counsel for the plaintiff proceeded to

read the amended answer, to which counsel for the defendant objected. The court overruled the objection and permitted counsel for the plaintiff to read the answer, to which ruling the defendant duly excepted."

While this statement as quoted from the record is somewhat indefinite, still we construe the record to mean that the plaintiff's counsel read the amended answer, not simply to indicate the issue raised thereby, but also as evidence that the counsel when he drew it was deceived by his client, for he " compared " the allegations of the amended answer with the position of counsel at the close, and he made that comparison in support of the argument he was urging and in connection with certain other things upon which he relied as evidence in support of his argument. And we are confirmed in that view by the following statement in the plaintiff's brief: " It must be particularly observed that this comment did not in any way treat the answer as evidence, or attribute it to the defendant; on the contrary, it was treated as a pleading merely, and attributed solely to counsel, who had drawn and filed it in the presence of the jury. The entire comment was upon the attitude of counsel, and his shift of position."

And we are still further confirmed in this view by the following language in the charge of the court: " The pleadings are generally drawn by the attorneys in the case, and their clients are not parties to that, and, therefore, usually, the parties to the pleadings are not responsible for them, and they are not to be treated as evidence against them, except so far as they authorize them and direct them and have knowledge of them."

There would seem to be no reason thus to charge the jury as to the pleadings in a case on trial unless the intent was to allow the jury to use the allegations of the answer as evidence according as they should find that the defendant did or did not know what they were.

Pub. Sts. c. 167, § 75, is as follows : "Neither the declaration, answer, nor a subsequent allegation, shall be deemed evidence on the trial, but allegations only whereby the party making them is bound." See also St. 1851, c. 233, § 112 ; St. 1852, c. 312, § 75.

In *Walcott* v. *Kimball*, 13 Allen, 460, the history of the legislation upon this statute is given, and it was there said that not

only is it improper to use the answer as evidence, but that since it is not evidence counsel should not comment upon it as such in the closing argument.

In *Phillips* v. *Smith*, 110 Mass. 61, there was an amended declaration upon which the cause was tried before a jury. This was different from the first declaration. The original declaration was read to the jury by the defendant and commented upon in argument as contradictory of the plaintiff's testimony and additional declaration, and it was held by this court that the original declaration "could not be used or commented on as evidence," and the plaintiff's exceptions were sustained.

The case of *Taft* v. *Fiske*, 140 Mass. 250, closely resembles the case at bar. There the defendant, in offering certain evidence in support of one ground of defence, was met by the objection that that ground of defence was not open to him under his answer. Whereupon he sought and obtained permission to file an additional answer, and he filed it during the trial. "The plaintiff's counsel, in closing, argued that the filing of this amendment during the trial showed that the defence so pleaded was a 'put up' defence, not relied on when the original answer was filed; that its filing during the trial should 'be taken into account; that not one word was said about all this in the original answer'; that the fact that this defence was not set up 'until the trial was partly through, was to be considered,' with other arguments of a similar nature." The defendant asked the court to rule "that the fact that the defendant amended her pleadings during the trial, setting up an additional or more specific defence, was not a subject of comment, and that 'the fact of such amendment should not influence or affect their judgment upon the facts of the case.'" The judge declined to give it, and the defendant's exceptions were sustained.

Devens, J., in giving the opinion, says that "the plaintiff concedes that the contents of an answer are not the subject of comment; but contends that the fact of its filing may be. This is to draw too nice a distinction. The fact of its filing was perfectly unimportant in the case at bar, except as connected with the contents of the amended answer." And the decision proceeds to show the reasons for the rule which it is unnecessary here to repeat.

In the case at bar it was legitimate for the plaintiff to argue that the defendant had deceived his own counsel as to the facts, and in support of such a position to contrast the opening argument of the counsel for the defendant and the testimony of the defendant and Hutchinson as to such facts on the one hand, with the closing argument of the same counsel on the other hand.

In so doing he was dealing with the evidence and the conduct of the counsel.

But he had no right to comment upon the amended answer or the allegations contained therein, nor upon the fact that it was filed after the trial was begun, nor upon the time of its filing as having any bearing whatever upon the argument he was making.

Nor is it material that the plaintiff was stating only what had taken place in the presence of the jury. The jury in their deliberation have no right to consider evidence which is inadmissible even if they have heard it, nor does the fact that the amended answer was filed in their presence warrant them in considering it unless otherwise they would be so warranted. In this case the defendant would have been entitled to a ruling that the jury should not consider the allegations of the answer or the circumstances under which it was filed as evidence of anything. *Taft* v. *Fiske*, 140 Mass. 250.

The use made of the answer, we think, was not proper; and while it is not stated in the record that the defendant objected to the argument, still it is plain enough that the objection was to the reading of the answer as a part of the evidence upon which was based the argument that the defendant's counsel had been deceived by his client. We think that the exception to the reading of the answer for this purpose must be sustained. See the cases above cited.

It is unnecessary to consider the other exceptions, as there must be a new trial.

*Exceptions sustained.*