BEACON MOTOR CAR COMPANY *vs.* GRACE D. SHADMAN.

Suffolk.    March 5, 1917. — May 23, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Bailment. Conversion. Fraud. Practice, Civil,* Amendment to answer. *Pleading, Civil,* Answer. *Evidence,* Admissions, Pleadings. *Damages,* In tort.

The proprietor of a garage, with whom the owner of a motor car has left it for repairs, the exact nature of which have not been determined, has a special property in the motor car as a bailee and may maintain an action of tort for conversion against one who by fraud induces such garage proprietor to relinquish possession of it.

It is within the discretion of the judge presiding at a trial to deny a motion of the defendant to withdraw from consideration of the jury a portion of the defendant's answer which specifically referred to a count in the declaration that was not submitted to the jury, while he allows the filing, as an amendment to the answer, of a proposed substitute answer.

The declaration in an action of tort for conversion originally contained two counts.
A third count was added at the trial. The original answer of the defendant,
besides a general denial, contained certain specific denials of allegations in the
second count of the declaration and certain admissions by the defendant as to
those allegations. Those allegations were not in the third count. At the
opening of the trial, and later in the trial, the defendant sought to with-
draw the original answer and to substitute another answer not containing
the specific denials and admissions. The proposed substitute answer was al-
lowed to be filed as an amendment to the answer, but the motion to withdraw
the original answer was denied. The plaintiff elected to submit the case to the
jury on the third count only. The judge in his charge in substance instructed
the jury that the defendant was bound by the allegations and admissions in the
original answer. *Held*, that the instructions were erroneous, such averments in
answer to the second count being neither evidentiary statements against the
defendant's interest nor admissions by which the defendant was bound.

A bailee, against whom a verdict has been rendered in an action of tort against
him by the bailor for a conversion of the chattel held by him as bailee due to
its being taken from his possession without the bailor's authority, may recover
as damages in an action of tort for conversion brought by him against the person
who wrongfully took the chattel from him the fair market value of the chattel at
the time of the conversion with interest from that date.

Where the defendant in the action by the bailee described above had not been noti-
fied to appear and take over the defence of the action previously brought by
the bailor against the bailee, the bailee cannot also recover in the second action
his disbursements and expenses in the first action.

Tort, by the corporation which, under a former name, was the
defendant in *Doyle* v. *Peerless Motor Car Co.*, *ante*, 561, against the
daughter of the plaintiff in that action, to recover damages alleged
to have resulted from the plaintiff having delivered Doyle's motor
car to his chauffeur upon an order signed by the defendant which
was unauthorized by Doyle. Writ dated February 2, 1915.

In the first count of the amended declaration the plaintiff
alleged that the defendant on June 30, 1913, converted to her own
use an automobile, "being the property of one Alexander Doyle,
and then rightfully in possession of the plaintiff."

The second count contained allegations that on June 30, 1913,
the plaintiff had in its possession Doyle's motor car; that the
defendant was Doyle's daughter and on that day, representing
herself to be the agent of Doyle to receive the car from the plain-
tiff, caused to be presented to the plaintiff an order signed by her
requesting delivery of the car; that the plaintiff believed the
defendant to be the duly authorized agent of Doyle to receive
delivery of the car and, relying on her order in writing, delivered
the car to the bearer of the order, who received it and turned it

over to the defendant; that on July 4 the car was totally destroyed while in the possession of the defendant or of the bearer of the defendant's order; that the defendant never had authority to take the car from the plaintiff or to give an order for its delivery and that subsequently Doyle brought an action against the plaintiff for conversion of the car and obtained a verdict; that the plaintiff was damaged by reason of the false representations and unauthorized action of the defendant and was put to expense in defending the action of Doyle against it.

The third count of the declaration, added at the trial, was as follows:

"Count 3. And the plaintiff says that on or about June 30, 1913, the plaintiff had rightfully in its possession a Peerless automobile, the property of one Alexander Doyle. On or about said June 30 said automobile was wrongfully taken from the plaintiff's possession and it was thereafter wrongfully delivered into the possession of the defendant and the defendant wrongfully assumed control of said automobile and made use of it for her own purposes. Thereafter, on July 4, 1913, said automobile was totally destroyed while being driven by the chauffeur who had been acting under the directions of and as agent of the defendant. Subsequently, the owner of said automobile, said Alexander Doyle, brought suit in this court against the plaintiff herein for the conversion of said car, and in the action brought by said Doyle a verdict was returned in his favor against the plaintiff herein for the full value of said car; and the plaintiff says by reason of the wrongful assumption of control over said car by the defendant the plaintiff herein has suffered great loss and damage, and has been put to great expense and trouble in making a defence in said action brought by said Alexander Doyle against said plaintiff, as hereinabove set forth."

The defendant's original answer, after setting up a general denial, contained the following allegations:

"Answering the second count of the plaintiff's declaration the defendant says she admits that on June 30, 1913, the plaintiff had in its possession a Peerless automobile, the property of one Alexander Doyle, and she admits that she is the daughter of said Alexander Doyle; she denies that on June 30, 1913, or at any other time, she, representing or holding herself forth to be the

agent of her father to receive from the plaintiff the delivery of said automobile, presented or caused to be presented to the plaintiff an order signed by her requesting the delivery of said automobile, but on the other hand says that she had no authority from her father to act as his agent in any particular respecting a delivery of said automobile by the plaintiff to any one and did not represent or hold herself forth to the plaintiff as having any such authority.

"Further answering said second count the defendant says that she denies that the plaintiff believed or had any reason to believe that the defendant was the representative and duly authorized agent of her father to receive the delivery of said automobile; she denies that the plaintiff relied upon any order written by her in delivering said car to the bearer of any order, but says the facts are that the plaintiff delivered said automobile to one Walter Green, a chauffeur previously in the employ of the said Alexander Doyle, upon the demand of said Green, relying solely and wholly upon a custom claimed by the plaintiff to exist in Boston and vicinity among automobile repair garages to deliver automobiles to the supposed chauffeurs of owners upon the demand of such chauffeurs for delivery; she denies that the said Walter Green turned over said automobile to her.

"Further answering said second count the defendant admits that said automobile was totally destroyed on July 4, 1913, while in the sole possession and control of said Walter Green, but she denies that at said time said automobile was in her possession or control.

"Further answering said second count the defendant says that she admits that as a matter of fact she never had any authority whatsoever to take the automobile from the plaintiff's garage or to give any order for its delivery, and she further says that she never represented or claimed to have any such authority; she denies that the said Alexander Doyle brought a suit against the plaintiff for conversion of said automobile by reason of the delivery of said car to the defendant, but on the other hand the fact is that the said Alexander Doyle brought said suit against the plaintiff for conversion of said automobile by the delivery thereof to the said Walter Green; she admits that in said action a verdict was returned in favor of said Alexander Doyle, but whether for the full value of the said automobile she does not know.

"Further answering said second count the defendant says that she denies that the plaintiff has suffered great loss or damage and has been put to great expense and trouble in making a defence in said action by reason of any false or unauthorized actions of this defendant as alleged in said declaration or otherwise, and the defendant says that whatever loss or damage has been suffered, and whatever expense and trouble the plaintiff has been put to by reason of said suit, was due solely to the plaintiff's unjustifiable attempt to defend its own illegal and wrongful act of delivering the automobile of said Alexander Doyle to said Walter Green."

The case was tried before *Lawton,* J. At the opening of the trial the defendant by her counsel asked for leave to withdraw the answer originally filed in the case and to substitute for it the answer hereinafter described, stating that the reason for the motion was that the original answer did not correctly state some of the facts, and that notice of his intention so to request had been given to the counsel for the plaintiff at least a week before the trial, and that the counsel for the plaintiff had been told that the defendant did not intend to stand upon the original answer. The judge allowed the trial to proceed upon the general denial contained in the proposed substitute answer, reserving for later determination the question of allowing the other portions of the original answer to be withdrawn and the substitution to be allowed.

The defendant was called as a witness by the plaintiff. During her redirect examination she testified that her father had employed Mr. White, her attorney of record, to appear for her in this case and that she discussed the case with Mr. White before she testified at the trial of her father's action against the Peerless Motor Car Company on November 24, 1914; that her understanding was that her father was to pay the expense of defending the present case; that she expected that her father would pay any verdict that was rendered against her in the present case; that the whole proceedings in the former case and in the present case had been under her father's direction and control, her husband having nothing whatever to do with it; that she gave Mr. White as counsel no instructions as to what answer should be filed in her behalf in the present case and never knew about what answer was filed; and that, after Mr. White had stated in court that her

father had testified that she had no authority to give any written order, she did not know what position was taken in this present case on the pleadings concerning her having such authority.

After the testimony of the defendant above described her counsel further conferred with the judge upon the question of allowing this motion to withdraw, and specifically called attention to the testimony of the defendant just above set forth and stated that the answer was drawn without consultation with his client and without her knowledge or consent, that it contained statements which were not correct, that immediately upon filing the original answer he sent a copy of it to the father of the defendant, who immediately by letter, portions of which were read, called the counsel's attention to the fact that the statements therein contained which set forth in substance that "the defendant had no authority from her father to act as his agent in any particular respecting a delivery of said automobile by the plaintiff to any one, and did not represent or hold herself forth to the plaintiff as having any such authority," and the further statement "that she admits that as a matter of fact she never had any authority whatsoever to take the automobile from the plaintiff's garage or to give any order for its delivery, and that she further says that she never represented or claimed to have any such authority," were not true, and that the answer should be changed, and that counsel advised that under the Massachusetts practice there would be no difficulty in amending the answer to conform to the facts at any time. None of the statements above made were verified by affidavit nor admitted by the plaintiff. The judge, after hearing the counsel for the plaintiff in opposition, ruled that the original answer must stand. Thereafter the original answer was read to the jury.

Subsequently at the close of the evidence the judge ordered the proposed substitute answer filed as an amendment to the answer. This was as follows:

"And now comes the defendant and denies each and every material allegation of the plaintiff's writ and declaration contained.

"And further answering the defendant says that the plaintiff is estopped to allege that it delivered the automobile of Alexander Doyle to any one but Walter Green or by reason of any act of this defendant, for that in the action of Alexander Doyle against the

Peerless Motor Car Co. of New England, mentioned in the second and third counts of the declaration herein, the said Doyle alleged a conversion of said automobile by the plaintiff herein, and sought to establish a conversion by evidence tending to prove a delivery of said automobile by the plaintiff herein to one Walter Green without authority so to do from said Doyle, and the plaintiff herein set up in its answer, as its defence to the conversion charged by the said Doyle as aforesaid, an admission of a delivery to said Green, and a justification thereof solely upon the ground that the said Green was the authorized agent of the said Doyle to demand and receive delivery of said automobile."

The plaintiff elected to go to the jury on the third count only.

In the course of his charge to the jury, the judge stated as follows:

"The defendant in her answer admits that she took it without authority and unlawfully; and I might say in passing that if anything in her testimony appears to contradict that statement in her answer you are not to consider it, and as a matter of fact whether the evidence was clear upon that matter or not, at any rate her evidence, coupled with the statements of her counsel, make it clear that what she means is that while she had the right to take it under certain circumstances, that the taking at this time under the circumstances that it was taken was unlawful on her part. At any rate, that is her statement, that is the charge of the plaintiff, that she took it unlawfully; she took it of course through Green, sending Green as her agent, and he was indeed her agent at that time, she making Green her agent and so taking the automobile herself."

The defendant objected and excepted to this portion of the charge; and thereupon the judge stated to the jury: "I want to correct one thing that I said in the charge inadvertently; I said that the answer states that she took it unlawfully. That word 'unlawfully' should be withdrawn, stricken from your consideration. What she did say is that she had no authority from her father to act as his agent in any particular respecting the delivery of said automobile by the plaintiff to any one; and she further states that she did not represent or hold herself forth to the plaintiff as having any such authority. On the last part the plaintiff takes issue, as I have explained, and the burden is upon

the plaintiff to satisfy you that she did hold herself forth to the plaintiff as having such authority."

The defendant still insisted upon his exception.

The judge in his charge also stated, subject to an exception by the defendant, as follows: "You are to say, in other words, if you say the plaintiff is entitled to recover, what the value of the machine was. The plaintiff is entitled to that, and the expense the action of the defendant has subjected the plaintiff to; he is entitled to compensation for that; those two together would constitute the amount of your verdict."

Other material facts are stated in the opinion. There was a verdict for the plaintiff in the sum of $3,029.77; and the defendant alleged exceptions.

*T. W. Proctor*, for the defendant.

*G. W. Anderson*, for the plaintiff.

BRALEY, J. It appears that this action was brought after a verdict against the plaintiff as the defendant under a former corporate name in *Doyle* v. *Peerless Motor Car Co.*, *ante*, 561. And having been held liable to the owner Doyle for the conversion of a motor car through misdelivery either to his chauffeur or to the defendant his daughter, it now seeks damages for the wrong alleged to have been suffered solely through her unauthorized acts. The jury would have been warranted on her evidence in finding that the written order she gave was for the sole purpose of enabling the chauffeur to obtain the car for her own use without having any express or implied authority from her father to ask for its delivery, and on the evidence of the plaintiff's former "garage foreman," that the car was delivered "on the strength of the order." It is not clear on what ground the plaintiff excepted to the introduction in evidence of the correspondence between Doyle and the company; for in the absence of this evidence there is no proof of the bailment under which the jury could find that the company had possession of the car for the purpose of making alterations or repairs when the details had been agreed upon by the parties. The plaintiff as a mere volunteer or intermediary had no cause of action, and the evidence not only was competent, but justified a finding that the plaintiff held the car subject to the express or implied orders of the owner. The delivery to the defendant accordingly was a conversion for which it was

liable in damages. *Doyle* v. *Peerless Motor Car Co., ante,* 561. By reason of this liability coupled with possession, it had a special property in the car sufficient to support the present action. *Way* v. *Davidson,* 12 Gray, 465. *Brewster* v. *Warner,* 136 Mass. 57. *Fingold* v. *Schacter,* 223 Mass. 274. And the defendant's first request that on all the evidence the plaintiff could not recover was denied rightly.

The other requests, and exceptions to the exclusion of evidence, need not be considered as the questions raised or some of them may become immaterial or inapplicable at the new trial which must be granted because of erroneous instructions to which the defendant excepted. It was within the discretion of the judge whether the defendant should be permitted to withdraw the original answer, and his ruling that it must stand, and that the "substitute answer" should be allowed as an amendment only, are not subject to exception. R. L. c. 173, § 48. *Howe* v. *Pierson,* 12 Gray, 26.

The case went to the jury solely on the third count of the declaration, which in substance is nothing more than a count in trover alleging a wrongful conversion by the defendant. *Iasigi* v. *Shea,* 148 Mass. 538, 539. The original answer and the amendment, however, contained a general denial which put in issue the allegations of the third count, and thereupon the special averments in answer to the second count were neither evidentiary statements against her interest nor admissions by which she was bound, as the jury were incorrectly instructed. R. L. c. 173, § 85. *Walcott* v. *Kimball,* 13 Allen, 460, 462. *Taft* v. *Fiske,* 140 Mass. 250. *Demelman* v. *Burton,* 176 Mass. 363, 365, 368.

The instructions as to the measure of damages also were incorrect. The car having been wrecked while in the defendant's possession or control, the plaintiff as we have said was responsible to the true owner for the fair market value. *Doyle* v. *Peerless Motor Car Co., ante,* 561. While the pleadings and the verdict in that action were introduced in evidence without objection, the defendant, never having been notified to take upon herself the defence of the action, is not estopped even if the case had gone to judgment from contesting the measure of damages. *Montgomery Door & Sash Co.* v. *Atlantic Lumber Co.* 206 Mass. 144, 157 and cases cited. If the bailor had sued the defendant Shadman

and recovered, and if an action thereafter had been brought against the company, it would have been entitled to credit for the amount recovered less the expenses of the litigation. *Jones* v. *Morgan,* 90 N. Y. 4. Or where the action is for injury to the property while in the possession of the bailee, and the bailee by agreement with the bailor sues, he holds the balance above the amount recovered for the injury sustained by him in trust for the bailor. *Rindge* v. *Coleraine,* 11 Gray, 157, 162. But the case at bar, being for the plaintiff's sole benefit, is plainly distinguishable. It therefore can recover only the fair market value of the car at the time of conversion with interest to the date of the verdict, and any disbursements and expenses which may have been incurred in defence of the previous action, having been caused by its own wrongful acts, are not recoverable. *Lorain Steel Co.* v. *Norfolk & Bristol Street Railway,* 187 Mass. 500, 506. *Westfield* v. *Mayo,* 122 Mass. 100, 105.

*Exceptions sustained.*