FELLOWS, GAMAGE COMPANY, INC. *vs.* HOWARD JACKMAN.

Essex.   December 29, 1936. — March 2, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Practice, Civil,* Auditor: objections to report.   *Evidence,* Inference.

The report of an auditor whose findings of fact were to be final need not
    be recommitted merely because in his statement of a controlling issue
    the auditor inaccurately used a word which did not in fact result in
    a false statement of the issue.
An inference that a plaintiff in an action for goods sold had not sold the
    goods to a defendant could be drawn from the fact that that defendant
    was not joined as such until two years after the action was brought,
    when it was discontinued against the original defendant, though the
    plaintiff in his evidence had contended that he sold the goods to both
    defendants as partners and had had most of his dealings with the de-
    fendant later joined.

CONTRACT.   Writ in the District Court of Southern Essex
dated February 20, 1931.

After removal to the Superior Court, the action was heard
by *Williams,* J., upon the report of an auditor whose find-
ings of fact were to be final, and a motion by the plaintiff to
recommit the report to the auditor was denied and judg-
ment was ordered entered for the defendant.   The plaintiff
appealed.

Material portions of the report of the auditor were as
follows:

"There are two incidents which lead me to the conclusion
that the defendant Jackman was not the true owner of
'The Oaks.'   First: The treasurer of the plaintiff contended
that the credit was extended to Moore and Jackman, as
co-partners, and the salesman of the plaintiff contended that
all his negotiations, except at the very end, were conducted
with Jackman, and yet Jackman was not named as a defend-
ant originally, and was not made party to this action until a
long period of time had expired.   If the defendant Jackman
was as prominent in the transaction as the plaintiff's treas-

urer and salesman contend, I believe that Jackman would have been named as a defendant when the action was originally commenced. No evidence was offered to explain this failure to name Jackman. I am consequently led to believe that the plaintiff, being unsuccessful in its effort to collect from Charles D. C. Moore, is now attempting to fasten liability upon the defendant Jackman.

"Second: The witness Hackett, called by the plaintiff, who testified that he was manager for Moore and Jackman, testified, and was corroborated in this instance by Jackman, that on one occasion when Jackman was, according to his testimony, the owner, he ordered Jackman from 'The Oaks' and instructed him not to return, and that Jackman obeyed his order. This is highly inconsistent with the thought that Jackman was the proprietor. Subsequently, Hackett conducted 'The Oaks' on his own behalf to recoup the losses that he had sustained by reason of the non-payment of his salary. In making the arrangements for the operation on his own behalf, Hackett dealt solely with Charles D. C. Moore. Accordingly, I am satisfied that Jackman had no interest in 'The Oaks,' and whatever negotiations he had concerning 'The Oaks' were done at the request of and for the benefit of Charles D. C. Moore.

"I am not satisfied that the plaintiff has sustained the burden of proving by a fair preponderance of the evidence that the defendant Howard Jackman is chargeable for the plaintiff's bill.

"I find for the defendant."

The case was submitted on briefs.

*R. R. Sullivan, M. Goldstein, & D. Gorfinkle,* for the plaintiff.

*F. C. Kenneally & R. W. Kenneally,* for the defendant.

LUMMUS, J. This action was originally brought in 1931 against one Moore and one Jane Doe Jackman, doing business under the name and style of The Oaks. The latter was never served, and the former ceased to be a defendant by discontinuance in 1933, after the present defendant Howard Jackman had been brought into the case by amendment.

The case was presented to the Superior Court upon the

report of an auditor whose findings of fact were to be final. It was not denied that the goods set forth in the declaration were delivered at a restaurant called The Oaks. The plaintiff contended that The Oaks was operated either by the defendant Jackman alone, or by Jackman and Moore as partners. There was evidence sufficient to support either theory of liability. There was evidence for the defendant tending to show that he was only the manager of the restaurant, that Moore was the proprietor of the business but was desirous of concealing the fact, and that the plaintiff had been told that Moore was the owner.

The auditor found for the defendant. He found that Moore was the owner of The Oaks, and that the defendant had no interest therein, but acted merely at the request of Moore and for his benefit. One of the auditor's reasons for the conclusion that the defendant was not liable was that the plaintiff contended that it extended credit to Moore and the defendant as partners, and that almost all negotiations had been conducted with the defendant, and yet the defendant was not brought into the case as defendant until the litigation had been pending more than two years.

The plaintiff, at the hearing on the draft report (Rules 89 and 90 of the Superior Court [1932]), asked the auditor to reopen the hearings for the purpose of hearing evidence to explain the failure of the plaintiff to name the defendant as such at the beginning of the action, and also further evidence tending to show that the defendant was the proprietor of the restaurant. The auditor declined to reopen the hearings, settled his report, and filed it. There was no error in the denial by the judge of a motion to recommit the report for a new hearing, for that was discretionary.

The plaintiff brought in five written objections to the report, under Rules 89 and 90 of the Superior Court (1932). The first objects to a finding of no importance. The second objection is as follows: "For that the said auditor in his report states that the issue presented upon the conflict of the testimony was, who was the true owner of 'The Oaks' during

the period from April 15, 1930, to and including December 31, 1930, the period covered by the plaintiff's declaration; whereas the issue to be determined was not who was the true owner of 'The Oaks', but whether or not the defendant, F. Howard Jackman, operated and conducted 'The Oaks' during the period mentioned in the plaintiff's declaration; and whether or not the said defendant contracted with plaintiff for the items referred to in the plaintiff's declaration." Of course the plaintiff's statement of the issue is more nearly accurate than the auditor's; yet it is hard to believe that any inaccuracy actually harmed the plaintiff. The auditor used the word owner in the sense of proprietor of the restaurant business, and there was no contention, so far as appears, that the defendant was liable unless he was such a proprietor.

The third objection declares illegitimate the inference, relied on in part by the auditor, that the plaintiff had no case against the defendant because, if the plaintiff had extended credit to Moore and the defendant as partners, and almost all negotiations had been conducted with the defendant, as it contended, the defendant would have been made a defendant when the action was brought instead of more than two years later. The plaintiff argues that "for a trier of fact to be permitted to draw such an inference as that would open wide the door to nullify the effect and purpose of amendments." It is true that the pleadings are not evidence (G. L. [Ter. Ed.] c. 231, §§ 87, 90, 91), and that a statement of fact contained in a pleading before amendment, inconsistent with an allegation in the amended pleading, cannot be introduced as an admission that the latter is untrue. *Taft* v. *Fiske*, 140 Mass. 250. *Demelman* v. *Burton*, 176 Mass. 363. *Beacon Motor Car Co.* v. *Shadman*, 226 Mass. 570, 578. Compare *Woodworth* v. *Fuller*, 235 Mass. 443; *Clarke* v. *Taylor*, 269 Mass. 335; *Butter* v. *Sovrensky*, 275 Mass. 88; *Jennings* v. *Bragdon*, 289 Mass. 595, 598; Wigmore, Evidence (2d ed.) § 1067. The point in the present case has to do with parties, not with pleadings. It is merely that the plaintiff pursued another for

more than two years, instead of the defendant. We think that an inference from this fact was not prohibited by the statute.

The fourth objection is to an allegedly untrue statement of part of the evidence, contained in the report. The plain-. tiff's version of it, as set forth in the objection, shows no variation of consequence. The fifth objection is to the ultimate conclusion of the auditor, and raises nothing not opened by the general appeal under G. L. (Ter. Ed.) c. 231, § 96, from the action of the judge in ordering judgment for the defendant upon the auditor's report. *Kamberg* v. *Springfield National Bank*, 293 Mass. 24, 25. On the whole case we find no error.

*Order for judgment affirmed.*