MARY ELIZABETH STONEY *vs.* WILLIAM HENRY SOAR, executor.

Middlesex. November 5, 6, 1947. — February 18, 1948.

Present: QUA, C.J., DOLAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Contract,* To make will, For personal service, Implied contract. *Practice, Civil,* Variance, Amendment. *Witness,* Credibility. *Devise and Legacy,* Whether benefaction or payment of debt. *Election.*

Proof, that the plaintiff's father at Waltham in 1909 orally agreed with her that, if she would go to Acton and live on a farm that then either had been or was about to be purchased by him and would get her husband to go too, and would take care of her parents and stay on the farm as long as they lived, he would leave her by will all his property, was not a material variance from allegations in a declaration that the oral agreement was made in 1910 or 1911 and was to the effect that the plaintiff would "continue" to live with her father at Acton and would persuade her husband to "remain" there.

Evidence, that a daughter, relying on an oral promise by her father, unenforceable under the statute of frauds, to leave her all his property by will, had promised him to live with and care for him as long as he lived and that she had faithfully performed that promise, but that the father's will did not give her all his property and was a repudiation of his promise, warranted a verdict for her in an action against the father's estate to recover upon a quantum meruit for the value of her services.

In an action upon a quantum meruit for services rendered by a daughter to her father during a period of thirty-three years pursuant to her

promise to go to his farm, induce her husband to go with her, live with her father there and take care of him and her mother as long as they lived, recovery might be had for services beyond mere personal care.

Differences and inconsistencies between an original declaration and an amended declaration are not subject to comment as to the plaintiff's credibility, nor are they matters to be considered by the jury at a trial on the amended declaration.

The provisions of a will of a father, which, while including a residuary legacy to his daughter, amounted to a repudiation of an oral promise made to her by him that, in consideration of certain services to be rendered by her, he would leave her all his property and disclosed no intent on his part that the legacy was to be in whole or in part in payment for the services so rendered, must be regarded as making a benefaction to the daughter and not as constituting such a payment, and did not require an election by the daughter between accepting the legacy and maintaining an action upon a quantum meruit for the value of the services rendered.

CONTRACT. Writ in the Superior Court dated January 19, 1944.

The action was tried before *Warner*, J.

The will of William H. Farrand was dated May 28, 1934, nominated the defendant, son of a sister of the plaintiff, executor; gave him the testator's farm; gave to the plaintiff's husband a wood lot; made three legacies of $100 each and one of $50; and made the plaintiff residuary legatee. The record did not disclose the value of the estate, real or personal.

*P. A. Northrup,* (*G. J. Elbaum* with him,) for the defendant.

*D. H. Fulton,* for the plaintiff.

WILLIAMS, J. This is an action of contract to recover from the estate of the plaintiff's father the value of personal services rendered to him from 1910 until his death in 1943. Exceptions were taken to the denial of two motions for a directed verdict, to the refusal to give requested rulings, and, after a verdict for the plaintiff, to the denial of a motion for a new trial.

The plaintiff's substitute declaration alleged that "in or about 1910 or 1911 the deceased told the plaintiff that if she, the plaintiff, would continue to live with him upon a farm owned by the deceased at South Acton, Mass., and would

induce her husband to remain there and if she would take care of him he, the deceased, would by will leave her everything which he owned; . . . that she agreed to do this and that she persuaded her husband to remain; that she took care of the deceased and his household until his death; that she . . . gave him full care and attention, all relying upon the contract above referred to which, by its terms, is unenforceable against the estate; wherefore, . . . she is entitled to receive from the estate of the deceased fair compensation for her services so rendered." The defendant's answer was a general denial, the statute of frauds and the statute of limitations.

The evidence offered by the plaintiff tended to prove that the agreement with her father on which she relied was made in Waltham in 1909. As testified by her, her father at that time said, "If you go up to Acton and live on the farm and get Reggie [the plaintiff's husband] to go on the farm too, and take care of mother and me and stay on the farm as long as we live, I will leave you everything in my will that I have," and she replied that she would. A farm in Acton then either had been purchased or was about to be purchased by her father. She, with her husband and two children, were, at the time, living with her father and mother in Waltham. Following the above talk the entire family moved to the Acton farm. There the mother died in 1911. The plaintiff, with her husband, who died in 1940, and children lived on the farm with the father until his death in 1943 at the age of eighty-four. During this period she took care of him. In the later years much of the personal attention required was of a distressing and unpleasant nature. She did all the household work and performed many manual duties connected with the operation of the farm. On her father's death a will was found in the possession of the defendant in which he was named executor and by the terms of which the residue of her father's estate was left to the plaintiff after certain specific devises and bequests. The Acton farm was left to the defendant, who was the grandson of the deceased.

The defendant has excepted first to the denial of a motion

that a verdict be directed for the defendant on the ground of a variance between the allegations of the declaration and the proof. A "declaration must state concisely and with substantial certainty the substantive facts constituting the cause of action, with such clearness and precision that the defendant may be able to plead to it intelligently and directly." *Grandchamp* v. *Costello,* 289 Mass. 506, 507. *Glynn* v. *Blomerth,* 312 Mass. 299, 301. The declaration in this case conforms to that requirement. The question presented by the defendant's motion is whether the evidence in its aspect most favorable to the plaintiff can rightly be found to support the cause of action stated in the declaration. *Holton* v. *Shepard,* 291 Mass. 513, 515. The plaintiff's contention, as pleaded, refers to an oral agreement made at Acton in 1910 or 1911 to the effect that she would *continue* to live with her father at Acton and persuade her husband to remain there. Her testimony evidences an oral agreement made at Waltham in 1909 that she would *go* to Acton and live on the farm and get her husband to go too. Essentially the proof is within the scope of the declaration. *Benjamin* v. *Dockham,* 134 Mass. 418. The differences between allegations and proof as to the time and place of the talk between father and daughter are not material. *Edwards* v. *Woodbury,* 156 Mass. 21.

The defendant has excepted secondly to the denial of a motion, presented at the same time as the first, that on all the evidence a verdict be directed for the defendant. This motion was also denied rightly. There was evidence that the plaintiff had faithfully performed her promise to live with and care for her father as long as he lived, relying on his promise to leave her his entire property by will, which promise was unenforceable under the statute of frauds, G. L. (Ter. Ed.) c. 259, § 5. She was accordingly entitled to recover under quantum meruit for the value of her services. *Donovan* v. *Walsh,* 238 Mass. 356. *Dixon* v. *Lamson,* 242 Mass. 129. *Rizzo* v. *Cunningham,* 303 Mass. 16. "'Recovery is allowed . . . not as an indirect way of enforcing the contract . . . but on the ground that the refusal of the defendant to perform constitutes a failure of consid-

eration, and he is therefore bound to make the plaintiff whole . . . .' *Cromwell* v. *Norton*, 193 Mass. 291, 293." *Dixon* v. *Lamson*, 242 Mass. 129, 137.

Other exceptions present for determination questions of law raised by the refusal to give rulings requested by the defendant. Requests 18, 19, 20 and 24 seek to limit the plaintiff's recovery to the value of her services rendered for personal care alone. There was no error in their denial. Much testimony was introduced as to the long and intimate relationship of the parties in their life on the farm. In *Rizzo* v. *Cunningham*, 303 Mass. 16, 20, the court said, "If the meaning of words used by the parties to an alleged contract is doubtful, and extrinsic evidence is resorted to, . . . the case may go to the jury under instructions from the judge as to the legal result which follows from the meaning as found by the jury." The subject matter of these requests was submitted to the jury under adequate instructions.

Request 25 in reference to the alleged variance has already been considered.

By requests 26, 27, 28, 29 and 30 rulings are sought to the effect that differences and inconsistencies between the original declaration and an amended declaration may be considered by the jury and be subject to comment on the question of the plaintiff's credibility. These requests were properly denied. The pleadings in a case are not evidence at the trial. G. L. (Ter. Ed.) c. 231, § 87. But see *Clarke* v. *Taylor*, 269 Mass. 335, 336. The facts that an amended declaration has been filed and allowed and that it differs in its allegations from the original declaration are not subject to comment. *Walcott* v. *Kimball*, 13 Allen, 460. *Phillips* v. *Smith*, 110 Mass. 61. *Taft* v. *Fiske*, 140 Mass. 250. *Demelman* v. *Burton*, 176 Mass. 363. *Fellows, Gamage Co. Inc.* v. *Jackman*, 296 Mass. 570, 573.

Requests 31, 32, 33, 34, 35 and 36 refer to the defendant's contention that the residuary legacy to the plaintiff in her father's will constituted part performance of the testator's obligation and that by her failure to reject it she is barred in whole or in part from recovery. "It is the general rule in this Commonwealth that where there is no statement

in the will that the legacy is in payment of a debt in whole or in part, the testamentary gift is to be regarded as a benefaction and not as payment of the debt." *Rizzo* v. *Cunningham*, 303 Mass. 16, 27, 28.   The father's will amounted to a repudiation of his promise to the plaintiff, and there is nothing to indicate that he intended his bequest to her as payment in whole or in part for her services.   By obtaining payment for her services the plaintiff will not "defeat, or in any way prevent the full effect and operation . . . of the will." *Hyde* v. *Baldwin*, 17 Pick. 303, 308.   *Thurlow* v. *Thurlow*, 317 Mass. 126.   The doctrine of election, stated in *Noyes* v. *Noyes*, 233 Mass. 55, on which the defendant relies, is not applicable.   The plaintiff's residuary legacy will be diminished in the amount of her recovery in this action.   There was no error in the refusal of the judge to grant these requests.

The last exception of the defendant to the denial of his motion for a new trial based on the usual three grounds has no merit.   No abuse of discretion appears.

*Exceptions   overruled.*