PATRICIA HARRINGTON & another *vs.* METROPOLITAN TRANSIT AUTHORITY.

Suffolk.    January 8, 1963. — February 1, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Evidence,* Pleadings. *Pleading, Civil,* Specifications.

At the trial of an action for personal injuries sustained in a fall on a stairway alleged in the plaintiff's original specifications to have been defective and negligently maintained by reason of debris thereon, and in substitute specifications to have been defective and negligently maintained by reason of a broken piece of nosing and debris, there was no error on cross-examination of the plaintiff in excluding a reading of his original specifications and questions to him relative to the claim as stated therein; such attempted cross-examination would have constituted use of pleadings as "evidence on the trial" contrary to G. L. c. 231, § 87.

TORT. Writ in the Superior Court dated October 22, 1958.

The action was tried before *Taveira, J.*

*Rupert L. Mapplebeck* for the defendant.

*Charles E. Cunningham* for the plaintiffs.

SPALDING, J. The declaration in this action of tort contains two counts. In one count, Patricia Harrington, a minor, alleges that on November 2, 1957, she fell on a defective

stairway in a subway station controlled and operated by the defendant; in the other count, her father seeks to recover consequential damages. Verdicts were returned for each plaintiff.

The sole question relates to a ruling on evidence which arose in these circumstances. As a result of a motion made by the defendant the plaintiffs were ordered to specify, among other things, what the defective condition on the stairway was. The plaintiffs specified as follows: "2. The defective condition of the stairway was the accumulation of debris and foreign substances on said stairway. 3. The defendant, its agents, servants or employees, were negligent in the maintenance of the premises because they permitted an excessive amount of debris and foreign substances to be accumulated on their stairs and permitted it to remain for an unreasonable length of time."

Several months later the plaintiffs moved to strike out the above specifications and to substitute others, and the motion was granted. The substituted specifications were: "2. The defective condition of the stairway was a broken piece of nosing 3½ inches wide and an accumulation of debris and foreign substances on said stairway. 3. The defendant, its agents, servants or employees were negligent in the maintenance of the premises because they permitted a broken piece of nosing to remain on the stairs and because they permitted an excessive amount of debris and foreign substances to be accumulated on their stairs and permitted it to remain for an unreasonable length of time."

The plaintiff Michael Harrington testified on direct examination that on returning from a hospital with his daughter on the day of the accident he asked her to show him where she fell and she "pointed out the sixth step" where a "jagged piece of the nosing about three or four inches from the center of the stair [was] missing and . . . [the] concrete or grout had broken away." On cross-examination counsel for the defendant "attempted to read to this plaintiff the original specifications and to cross examine him relative to the claim of the plaintiff as originally stated in the specifications, and to call the Jury's attention to the

facts.'' The judge excluded this evidence, subject to the defendant's exception.

There was no error.

General Laws c. 231, § 87, provides: ''Pleadings shall not be evidence on the trial, but the allegations therein shall bind the party making them.'' The plaintiffs' specifications, when filed, became part of the pleadings in the case. ''Specifications must be read with the declaration, and the proof must conform to the specifications.'' *Lishner* v. *Bleich,* 319 Mass. 350, 352. To the same effect are *Commonwealth* v. *Giles,* 1 Gray, 466, 469, *Shea* v. *Crompton & Knowles Loom Works,* 305 Mass. 327, 328–329, *Snow* v. *Metropolitan Transit Authy.* 323 Mass. 21, 23, and *Wolfson* v. *Fox,* 338 Mass. 603, 604. By reading the original specifications to the witness and cross-examining him with respect to them, the defendant was attempting to use the pleadings as ''evidence on the trial.'' This, under § 87, cannot be done. *Phillips* v. *Smith,* 110 Mass. 61. See *Taft* v. *Fiske,* 140 Mass. 250; *Demelman* v. *Burton,* 176 Mass. 363; *Fellows, Gamage Co. Inc.* v. *Jackman,* 296 Mass. 570, 573; *Stoney* v. *Soar,* 322 Mass. 408, 412. Moreover, as the court said in *Taft* v. *Fiske, supra,* at page 252: ''It would be a serious embarrassment to that liberal amendment of pleadings contemplated by our statutes, if a party availing himself of the leave in this respect granted by the court could only do so by subjecting himself to the imputation that his new form of statement, by its difference from that previously made, showed that he presented a simulated case.''

The case of *Clarke* v. *Taylor,* 269 Mass. 335, relied on by the defendant, is not in point. That case had to do with the admissibility in evidence of a party's specifications in *another* case, and it was held that they were competent as admissions in the case on trial. The defendant also relies on *Woodworth* v. *Fuller,* 235 Mass. 443, but that case is distinguishable. As the court said there, at page 445, the ''questions did not relate to . . . [the] contents [of the pleadings], but to 'declarations material to the issues on trial.' ''

*Exceptions overruled.*