Giles, J.
Plaintiffs Henry and Doreen Lebel (the “Lebels”) brought this negligence action against Bay *591 State Gas Company, Inc. (“Bay State”) for personal injury and loss of spousal consortium damages arising from a slip and fall accident that happened on May 25, 1995. In Counts V and VI of its Third-Party Complaint for common law indemnity and for contribution, Bay State impleaded Crabtree McGrath Associates, Inc (“Crabtree”) upon allegations that Henry Lebel’s injuries were caused by the negligent design of the kitchen facility in 1990.
Crabtree now moves for summary judgment against Bay State with respect to Counts V and VI of Bay State’s Third-Party Complaint on the grounds that no genuine issue of material fact exists and Crabtree is entitled to judgment as a matter of law. For reasons stated below, Crabtree’s motion for summary judgment is ALLOWED. Bay State moves for partial summary judgment in its favor on the claim that Bay State’s kitchen was negligently designed. For the same reasons, Bay State’s motion for partial summary judgment is ALLOWED.
BACKGROUND
On May 25, 1995, while working as a kitchen worker at Bay State’s premises, Henry Lebel slipped and fell in the vicinity of the ice machine. Mr. Lebel claims that the fall was caused by leakage of water from the ice machine.
In 1990, Bay State hired Crabtree as a kitchen consultant to work on the design and construction of the kitchen. Bay State and Crabtree undertook a contract whereby Crabtree designated the manufacturer/model of the ice machine and, upon its architectural plans, located the ice machine within an alcove adjacent to the passageway area located near the door which led from the kitchen to the cafeteria. Since Crabtree completed its work as kitchen designer on February 22, 1991, Crabtree has had the exclusive responsibility for its maintenance and repair.
DISCUSSION
To prevail on summary judgment, the moving party must establish that there is no genuine issue of material fact on every element of a claim and that it is entitled to judgment on the claim as a matter of law. See generally Mass.R.Civ.P. 56(c); Highlands Insurance Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party has established the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id.
A party moving for summary judgment who does not bear the burden of proof at trial demonstrates the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the non-moving party has no reasonable expectation of proving an essential element of its case at trial. Korouvacilis v. General Motors Co., 410 Mass. 706, 716 (1991). The nonmoving party cannot defeat the motion for summary judgment by resting on its “pleadings and mere assertions of disputed facts ...” Lalonde v. Eissner, 405 Mass. 207, 209 (1989). Rather, the nonmoving party must respond by alleging specific facts demonstrating the existence of a genuine issue of material fact. Pederson v. Time, Inc., supra at 17.
A. Indemnification
Bay State argues that because there is a written contract between Crabtree and Bay State, wherein Crabtree agreed to and did design the kitchen, including the placement of ice machine, and Bay State relied on Crabtree’s design expertise, a “special relationship” arose from which contractual indemnily should be implied.
In Massachusetts, indemnification is possible where there is an express indemnity agreement, an implied contract of indemnity, or where one party is held derivately or vicariously liable for the wrongful act of another or “tort-based” indemnity. See Fall River Housing Authority v. H.V. Collins Co., 414 Mass. 10, 13 (1992); Decker v. Black & Decker Mfg. Co., 389 Mass. 35, 40 (1983). Bay State concedes that there is no express indemnification term in the contract. The Court further finds no implied contract of indemnity.
An implied right to indemnity may be found where there exists “special factors” surrounding the contractual relationship between the parties which indicate an intention by one party to indemnify the other. Fall River, supra at 14. Bay State contends that such a special relationship exists because Crabtree designed the alcove in the kitchen in which the ice machine was to be located. It follows, according to Bay State, that if Bay State is found liable for negligent design, it is because Crabtree failed under its contract with Bay State to perform the design of the kitchen in a non-negligent manner. Therefore, Bay State has an implied contractual indemnity claim.
Bay State also believes it is entitled to indemnification under common law. Tort-based indemnity is available in favor of a party who incurs tort liability as a result of the tortious acts of another. Federal Deposit Insurance Corp. v. Caolo, 478 F.Sup. 1185, 1186 (D. Mass. 1979). Bay State argues that if Bay State is found liable for negligent design of the kitchen, then Bay State can seek indemnification from Crabtree for its negligent design.
Bay State’s claims for indemnification, and, for that matter, contribution, rely on the premise that there is a claim of a defect in the design of the kitchen in which the ice machine was located. The Lebels have brought no such claim either in their complaint or impliedly. On the contrary, the Lebels have explicitly denied *592 bringing any claim in this case based upon negligent design of the kitchen.
The legislature has codified for the doctrine of judicial admissions. “In any civil action pleadings shall not be evidence on the trial, but the allegations therein shall bind the party making them.” G.L.c. 231, §87. Matters admitted by the parties in the pleadings are not open to dispute. The word “pleadings” under §87 includes submissions filed offering a more definite statement of the allegations. See Paul J. Liacos, Handbook of Massachusetts Evidence, §2.4 (6th Ed., 1994 & Supp. 1999). For example, in Harrington v. Metropolitan Transit Authourity, 345 Mass. 371 (1963), the plaintiffs specifications concerning cause of injury, when filed, became part of the pleadings in the case and they had to be read with the declaration and the proof had to conform to the specifications.
Similarly, in this case the Lebels filed a document entitled “Plaintiffs’ Statement of Factual and Legal Issues Presented,” which provides in the relevant part:
2. The Plaintiffs’ position is that no such claim [of design defect] has been pleaded and that there is nothing for this Court to decide on Bay State’s Motion for Partial Summary Judgment.
3. No fair and liberal reading of the Complaint supports Bay State’s assertion that there is a claim against it for defective design.
Further, in “Plaintiffs’ Opposition to Bay State Gas Co.’s Motion for Partial Summary Judgment,” the Lebels repeatedly insist that they have not advanced any claim regarding a design defect in the kitchen and that the issue of design defect is not before the Court. By their own undertakings, the Lebels have admitted to the Court the fact that there is no design defect in the kitchen and that they are not bringing any such claim in this case. Therefore, it is deemed admitted that there is no design defect in the kitchen for purposes of this case. Accordingly, as there is no design defect in the kitchen, Crabtree has no duty to indemnify Bay State.
B. Contribution
It follows that, since the Lebels are not proceeding on the theory of design defect by Crabtree, there is no right of contribution against Crabtree. The common law doctrine of contribution has been codified in G.L.c. 23 IB, § 1. “[W]here two or more persons become jointly liable in tort for the same injury to person or property, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them.” G.L.c. 23 IB, § 1. Here, the Lebels have brought no claim against Crabtree and have indicated they do not wish to bring such a claim. As Crabtree is not a joint tortfeasor in this action, Bay State cannot seek contribution from Crabtree.
C. The need for an expert witness
In support of its motion for partial summary judgment, Bay State argues that the Lebels have not identified who they will be calling as an expert witness to testify as to the issue of negligent design of the kitchen, and, therefore, the Lebels’ claim of negligent design should be dismissed. On account of the foregoing explanation that there is no negligent design claim to be considered in this case, said argument need not be reached.
ORDER
For the foregoing reasons, it is hereby ORDERED that Crabtree’s motion for summary judgment be ALLOWED and that Bay State’s motion for partial summary judgment also be ALLOWED.